IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON<br>AND DENITA ROBERTSON | § § § | |
| VS. | § § | C.A. NO. |
| YOURGA TRUCKING, INC. AND<br>KEITH L. HARRIS | § § § | |

## NOTICE OF REMOVAL

Defendant, Keith L. Harris, through undersigned counsel, petitions this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, for removal of this action currently filed in the 113th Judicial District Court of Harris County, Texas. In support of this petition, Defendant states as follows:

## BACKGROUND

1. On June 30, 2017, Plaintiffs, Leslie James Robertson and Denita Robertson filed an Original Petition against Keith L. Harris and Yourga Trucking, Inc., alleging personal injuries in a traffic incident with a motor vehicle and a tractor trailer. This Petition is styled *Leslie James Robertson and Denita Robertson v. Yourga Trucking, Inc. and Keith L. Harris;* Cause No. 2017-43769; and was filed in the 113th Judicial District Court of Harris County, Texas.

### Diversity of Citizenship

2. Plaintiffs are residents of Texas.

Defendant Keith L. Harris is a citizen of the State of Arkansas.

Defendant, Yourga Trucking, Inc., is a corporation organized under the laws of the State of Pennsylvania, with its principle place of business in Pennsylvania. Yourga Trucking, Inc. consents to the removal of this action to Federal Court.

Therefore, there is complete diversity between the parties.

## Basis for Removal Based on Diversity Jurisdiction

3. This cause may be removed pursuant to 28 U.S.C. Section 1441(a). "Any civil action brought in state court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant… to the District Court of the United States for the district and division embracing the place where such action is pending." This court has jurisdiction over this matter under 28 U.S.C. Section 1332 because there is complete diversity between the parties and the amount in controversy is greater than $75,000.00. Plaintiff has specifically pled damages in excess of $100,000.00.

## Timely Filed

4. Defendant Yourga Trucking, Inc. was served and filed its Original Answer on October 2, 2017, in the 113th District Court of Harris County, Texas.

5. Defendant Keith L. Harris was served with citation on January 5, 2018 and filed his Original Answer on January 29, 2018.

Keith L. Harris was allegedly served on August 10, 2017 under §17.062 of the Tex. Civ. Prac. & Rem. Code by and through the Chairman of the Highway Commission. Citation and service of citation on Keith Harris was defective as a matter of law. Keith L. Harris moved to quash the Citation and on January 5, 2018, the Court granted Harris' Motion to Quash Service.

Under Tex. R.Civ. P. 122, a defendant shall be deemed to have entered his appearance on the Monday after twenty days after the motion has been ruled upon. If the Motion to Quash is granted, then Defendant is deemed to have entered his appearance as of 10:00 am, on the Monday after the expiration of twenty days after the day on which the citation or service was quashed. Further, Defendant shall be deemed to have been duly served on the date that the

## Basis for Removal Based on Diversity Jurisdiction

3. This cause may be removed pursuant to 28 U.S.C. Section 1441(a). "Any civil action brought in state court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant… to the District Court of the United States for the district and division embracing the place where such action is pending." This court has jurisdiction over this matter under 28 U.S.C. Section 1332 because there is complete diversity between the parties and the amount in controversy is greater than $75,000.00. Plaintiff has specifically pled damages in excess of $100,000.00.

## Timely Filed

4. Defendant Yourga Trucking, Inc. was served and filed its Original Answer on October 2, 2017, in the 113th District Court of Harris County, Texas.

5. Defendant Keith L. Harris was served with citation on January 5, 2018 and filed his Original Answer on January 29, 2018.

Keith L. Harris was allegedly served on August 10, 2017 under §17.062 of the Tex. Civ. Prac. & Rem. Code by and through the Chairman of the Highway Commission. Citation and service of citation on Keith Harris was defective as a matter of law. Keith L. Harris moved to quash the Citation and on January 5, 2018, the Court granted Harris' Motion to Quash Service.

Under Tex. R.Civ. P. 122, a defendant shall be deemed to have entered his appearance on the Monday after twenty days after the motion has been ruled upon. If the Motion to Quash is granted, then Defendant is deemed to have entered his appearance as of 10:00 am, on the Monday after the expiration of twenty days after the day on which the citation or service was quashed. Further, Defendant shall be deemed to have been duly served on the date that the

Motion to Quash was granted. Thus, Keith Harris was not served with citation until January 5, 2018.

6. Defendant would further state that in an attempt at fraudulent joinder Plaintiffs have filed a Third Amended Petition attempting to add The Texas Department of Transportation as a Defendant with allegations of premise liability for a traffic incident with a motor vehicle and a tractor trailer. At the time of the filing of this removal there is no "return of service" on file with the court as to the Texas Department of Transportation and no evidence or indication that they have been served. Thus, Removal is still proper. See, *Breitweiser v. Chesapeake Energy Corp.*, CIVIL ACTION NO. 3:15-CV-2043-B, 2015 U.S. Dist. LEXIS 142083, 2015 WL 6322625 (N.D. Tex. October 29, 2015).

7. In accordance with §1446(b)(2)(B) each Defendant, which includes Keith L. Harris, has 30 days after receipt by or service on him of the Plaintiffs initial pleading to file his notice of removal. Therefore, this Notice of Removal is filed with this Court within thirty (30) days of service of the initial pleading upon the removing Defendant, Keith L. Harris, as required by 28 U.S.C. § 1446(b).

8. Defendant is entitled to remove this action to the United States District Court for the Southern District of Texas, Houston Division, where the state court action is currently on file.

9. Pursuant to 28 U.S.C. §1446(b)(2)(A), all Defendants who have been properly joined have consented or will consent to the removal of this action. Defendant Keith L. Harris may remove this matter to Federal Court even though Defendant Yourga Trucking, Inc. filed its Original Answer on October 2, 2017, in the 113th District Court of Harris County, Texas. Pursuant to 28 U.S.C. §1446(b)(2)(C) "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the

removal even though that earlier-served defendant did not previously initiate or consent to removal." In this matter, as noted above, Yourga Trucking, Inc. has consented to the removal of this matter.

### Compliance With Notice Requirements

10. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument has been contemporaneously given to the Plaintiffs. A true and correct copy of this Notice of Removal has been contemporaneously attached as an exhibit with a written notice of removal filed with the clerk of State Court.

11. The District Clerk for Harris County, Texas, has been given written notice of the filing of this Notice of Removal.

12. Defendant, therefore, respectfully requests the removal of this action from the 113th Judicial District Court of Harris County, Texas.

Respectfully submitted,

/s/ David W. Prasifka

---

David W. Prasifka
SDN: 7516
SBN: 16231700
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
dwp@lorancethompson.com
**Attorney for Defendant**
**Keith L. Harris**

OF COUNSEL:

LORANCE & THOMPSON, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2018, a true and correct copy of the foregoing document was provided to the following parties by mail, efile, courier service, or telefax transmission pursuant to the Federal Rules of Civil Procedure.

Kevin O'Malley
**O'MALLEY LAW FIRM**
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

Jason A. Gibson
Casey L. Jordan
**The Gibson Firm**
440 Louisiana, Suite 2400
Houston, TX 77002
jag@jag-lawfirm.com
cjordan@jag-lawfirm.com

_____
David W. Prasifka