# EXHIBIT B

Chris Daniel - District Clerk Harris County
Envelope No. 17918896
By: Justin Kitchens
Filed: 6/30/2017 1:44 PM

2017-43769 / Court: 113

NO. _____

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, hereinafter referred to as Plaintiffs, complaining of YOURGA TRUCKING, INC. and KEITH L. HARRIS, hereinafter referred to as Defendants, and for cause of action would respectfully show this Honorable Court the following.

I.

### DISCOVERY CONTROL PLAN

Plaintiffs, pursuant to Rule 190. Discovery Limitations, hereby allege that discovery shall be conducted under Level 2 and that they seek monetary relief aggregating more than $200,000.

II.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within **fifty days** of the service of this request.

Certified Document Number: 75751398 - Page 1 of 9

III.

<u>PARTIES</u>

Plaintiffs are residents of Cleveland, Harris County, Texas.

Defendant, YOURGA TRUCKING, INC., is a foreign or nonresident corporation, partnership, sole proprietorship, or other form of business association doing business in the State of Texas and in Harris County, Texas, and such Defendant has not designated an agent for service of process in the State of Texas, and, therefore, is deemed to have appointed the Secretary of State of the State of Texas and his successors in office as an agent for service of process. Service may be made by serving the Secretary of State of Texas pursuant to Section 17.044 et. seq. of the Texas Civil Practice and Remedies Code and the Texas Business Corporation Act, and all other applicable laws. The Secretary of State shall forthwith by registered or certified mail, return receipt requested, forward a copy of such citation and petition to Defendant's home office address, as follows: Yourga Trucking, Inc., 145 Yourga Place, Wheatland, Pennsylvania 16161.

Defendant, KEITH L. HARRIS, is a resident of a state other than the State of Texas, and at times material to this lawsuit was operating a motor vehicle on the streets and highways of the State of Texas, and, therefore, is deemed to have appointed the Chairman of the Highway Commission of the State of Texas as his true and lawful attorney and agent and service of citation may be made by

2

Certified Document Number: 75751398 - Page 2 of 9

serving the Chairman of the Highway Commission of the State of Texas pursuant to Texas Statutes and all other applicable laws.  The Chairman of the Highway Commission of the State of Texas shall forthwith by registered or certified mail, return receipt requested, forward a copy of such citation as follows: Keith L. Harris, 99 Dee Court, Little Rock, Arkansas 72209.

IV.

VENUE AND JURISDICTION

Venue is proper in the county in which this lawsuit has been filed on the grounds that at all times material to this lawsuit and to the filing of this lawsuit, the Plaintiff resided in such county and resided in such county at the time of the cause of action or a part thereof as described herein accrued and/or arose.

V.

NEGLIGENCE

On or about August 23, 2016, in Houston, Harris County, Texas, Plaintiff, LESLIE JAMES ROBERTSON, was operating his vehicle in a careful and non-negligent manner and proceeding westbound in the 5800 block of US Hwy 90, when suddenly and without warning, KEITH L. HARRIS, who was operating his vehicle in a careless and negligent manner, and was northbound in a cross-over to go west onto the 5800 block of US Hwy 90, caused the occurrence in question and the injuries and damages described herein.

Defendants, KEITH L. HARRIS and YOURGA TRUCKING, INC., engaged

3

Certified Document Number: 75751398 - Page 3 of 9

in certain acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

a)   In failing to keep a proper lookout as a person using ordinary care would have made;

b)   In failing to make such application of the brakes as a person using ordinary care would have made;

c)   In failing to properly maintain his vehicle as a person using ordinary care would have made;

d)   In failing to attend to and control his vehicle as a person using ordinary care would have made;

e)   In failing to yield right-of-way at a stop sign;

f)   In entering a roadway when it was unsafe;

g)   In selecting a dangerous route;

h)   In failing to use an alternative route;

i)   In failing to have appropriate lighting and/or warnings on the tractor and trailer; and

j)   In blocking a moving lane of traffic.

VI.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was operating a vehicle owned, controlled, and/or maintained by the Defendant, YOURGA TRUCKING, INC.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with the Defendant, YOURGA TRUCKING, INC.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was using such vehicle with the actual or implied authority

4

Certified Document Number: 75751398 - Page 4 of 9

and permission of the Defendant, YOURGA TRUCKING, INC. and Defendant KEITH L. HARRIS, was subject to the direction and control of and in the furtherance of a mission for the benefit of the Defendant YOURGA TRUCKING, INC.

At all times material to this lawsuit, the Defendant YOURGA TRUCKING, INC., permitted the Defendant, KEITH L. HARRIS, to operate the vehicle in question when the Defendant, YOURGA TRUCKING, INC. knew or in the exercise of ordinary care would have known that the Defendant KEITH L. HARRIS, was a reckless and incompetent driver. Such acts and omissions constitute negligence, and such negligence was a proximate cause of the occurrence in question and the injuries and damages described herein. Plaintiffs hereby invoke the doctrine of negligent entrustment as that doctrine is applied under the laws of the State of Texas.

VII.

The acts and omissions constituting negligence and negligence per se, described herein were each a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiffs.

VIII.

DAMAGES

As a result of the occurrence described herein, the Plaintiff, LESLIE ROBERTSON, has sustained substantial injuries and damages, including but not limited to, a broken neck, injuries to his left

5

knee, back, head, and injuries to his body, generally.

Plaintiff would show that if he was suffering from any disease or condition existing prior to the occurrence in question, such disease or condition was dormant to Plaintiff and not causing him any pain or disability, and that the occurrence in question has incited, accelerated, and aggravated such condition to such an extent that it has now become painful and disabling as described herein.

At the time of such occurrence, the Plaintiff was 58 years of age and had a life expectancy of many years according to the applicable United States Life Tables, a certified copy of which will be used in evidence at the trial of this cause. The Plaintiff was in good health and was capable of earning a living for himself, and he was employed and earning an income. As a result of this occurrence, Plaintiff has sustained a loss of earnings and a loss of earning capacity in the past and will sustain, in reasonable probability, a loss of earnings and a loss of earning capacity in the future.

As a further result of such occurrence, the Plaintiff has incurred medical expenses in the past, and will sustain, in reasonable probability, medical expenses in the future and such expenses are and will be reasonably necessary for the injuries sustained, and are and will be reasonable and customary in the community in which they were and will be incurred.

6

Certified Document Number: 75751398 - Page 6 of 9

As a further result of such occurrence, the Plaintiff has suffered physical pain and mental anguish in the past, and will suffer, in reasonable probability, from physical pain and mental anguish in the future; and the Plaintiff has suffered from physical impairment and embarrassment in the past, and will suffer, in reasonable probability, from physical impairment and embarrassment in the future.

As a further result of such occurrence, the Plaintiff, LESLIE ROBERTSON, has sustained the loss of household services and a loss of capacity to perform household services in the past, and will sustain, in reasonable probability, a loss of household services and a loss of capacity to perform household services in the future.

As a further result of such occurrence and the injuries sustained by LESLIE ROBERTSON, the Plaintiff, DENITA ROBERTSON, his wife, has sustained damages for the loss of consortium, as that term is understood and applied under the laws of the State of Texas.

IX.

DISCOVERY REQUESTS

Pursuant to Rule 194.1 et seq. of the Texas Rules of Civil Procedure, Plaintiffs hereby request Defendants to disclosure the information or material described in Rule 194.2(a) through Rule 194.2(1) of the Texas Rules of Civil Procedure.  Defendants have fifty (50) days from the date of service.

7

Certified Document Number: 75751398 - Page 7 of 9

X.

## RULE 193.7 NOTICE

Defendants are hereby notified that Plaintiffs intend to use all documents produced by Defendants in discovery of the trial of this cause, and therefore requests that Defendants assert any objection to the authenticity of any document Defendants produce within 10 days of its production.

XI.

In view of all the matters alleged herein, the sum of money, if paid now in cash, that would fairly and reasonably compensate the Plaintiffs for their actual damages is a sum of money in excess of the minimum jurisdictional limits of this Court.

XII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that the Defendants be cited to appear and answer herein; that upon trial hereof they have judgment of the Court against the Defendants, jointly and severally, in a total amount of money within the jurisdictional limits of this Court, together with pre-judgment and post judgment interest as permitted by applicable laws; for all costs of court; for all such other and further relief, both general and special, legal and equitable, to which they have shown or may show themselves justly entitled.

Certified Document Number: 75751398 - Page 8 of 9

Respectfully submitted,


_/s/ Kevin O'Malley_
Kevin O'Malley
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771

ATTORNEY FOR PLAINTIFFS

9

Certified Document Number: 75751398 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        75751398 Total Pages:  9

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel District Clerk Harris County
Envelope No. 19784468
By: Rayshana Alexander
Filed: 10/2/2017 10:32 AM

CAUSE NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON<br>AND DENITA ROBERTSON | § <br> § <br> § | IN THE DISTRICT COURT OF |
| V. | § <br> § | HARRIS COUNTY, T E X A S |
| YOURGA TRUCKING, INC. AND<br>KEITH L. HARRIS | § <br> § | 113TH JUDICIAL DISTRICT |

### DEFENDANT YOURGA TRUCKING, INC.'S ORIGINAL ANSWER, DEMAND FOR JURY TRIAL, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Yourga Trucking, Inc., and files this Answer to the petition filed by Plaintiffs, and would respectfully show unto this honorable court as follows:

I.

### GENERAL DENIAL

1.        As provided by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiff's Petition and asks that these matters be properly decided by this Honorable Court and Jury.

II.

### AFFIRMATIVE DEFENSES

2.        Answering specifically, Defendant would show the Court and Jury that the accident was caused by Plaintiffs' failure to exercise that degree of care which persons of ordinary prudence under the same or similar circumstances would have exercised and, as such, said failure was the sole cause and/or proximate cause of the accident that is the basis of this suit.

3.        Defendant requests that the Court submit questions and ask the Jury to assess the proportionate responsibility of Plaintiffs pursuant to Texas Civil Practice & Remedies Code

597204.1 PLD 0001157 16664 DWP

Certified Document Number: 76840464 - Page 1 of 5

33.001 *et. seq.*

4.     Pleading further, or in the alternative, the accident at issue in this case is the result of an unavoidable accident.

5.     Pleading further, or in the alternative, the accident in question was caused by the acts or omissions of parties or instrumentalities over which Defendant had no control.

6.     Pleading further, or in the alternative, this accident is the result of independent or intervening causation, breaking the connection between any action of Defendant and the accident made the basis of this suit.

7.     Pleading further, or in the alternative, Defendant states that the accident in question is the result of a sudden emergency situation.

8.     Defendant further invokes §18.091 of the Texas Civil Practice & Remedies Code and requests that to the extent Plaintiffs seek recovery for lost wages, or loss of earning capacity, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to the Texas Civil Practice & Remedies Code and other applicable statutes and/or case law.

9.     Pleading further, Defendant invokes the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code and request that to the extent Plaintiffs seek recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiffs, as opposed to the amount charged.

10.     Pleading further, to the extent that Plaintiffs had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by  §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of

the medical and and/or healthcare expenses allegedly incurred by Plaintiffs in connection with the incident in question and/or the injuries allegedly resulting therefrom, the Defendant would show that Plaintiffs failed to mitigate their alleged damages by failing to submit such healthcare expenses to their insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiffs' insurer(s) and/or health benefit plan. Furthermore, to the extent that Plaintiffs' health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiffs. See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

11.     Pursuant to §304.1045 of the Texas Finance Code, pre-judgment interest is not available to Plaintiffs on future damages, if any.

12.     Pleading additionally, or in the alternative, Defendant contends the Plaintiffs failed to mitigate their damages. Plaintiffs' damages were caused or exacerbated due to their failure to mitigate.

### III.
### DEMAND FOR JURY TRIAL

13.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby formally makes this demand for a trial by jury and pay the jury fee in the amount of $40.00.

597204.1 PLD 0001157 16664 DWP

**IV.**

## REQUEST FOR DISCLOSURE

14.    Pursuant to the Texas Rules of Civil Procedure, Defendant requests Plaintiffs' disclosure, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2 (a)-(l).

**V.**

15.    By way of further Answer, Defendant hereby gives actual notice to Plaintiffs that any and all documents produced during discovery may be used against the Plaintiffs, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, Yourga Trucking, Inc., prays that Plaintiffs Leslie James Robertson and Denita Robertson take nothing by this suit and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LORANCE & THOMPSON, P.C.

David W. Prasifka
SBN: 16234700
EMAIL: dwp@lorancethompson.com
Walter F. "Trey" Williams, III
SBN: 21592800
EMAIL: wfw@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 Fax
ATTORNEYS FOR DEFENDANT,
YOURGA TRUCKING, INC.

597204.1 PLD 0001157 16664 DWP

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2017 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Kevin O'Malley
O'Malley Law Firm
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

David W. Prasifka

Certified Document Number: 76840464 - Page 5 of 5

597204.1 PLD 0001157 16664 DWP



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    January 30, 2018

Certified Document Number:        76840464 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 19784468
By: Rayshana Alexander
Filed: 10/2/2017 10:32 AM

CAUSE NO. 2017-43769

LESLIE JAMES ROBERTSON §    IN THE DISTRICT COURT OF
AND DENITA ROBERTSON §
§
V. §    HARRIS COUNTY, T E X A S
§
YOURGA TRUCKING, INC. AND §
KEITH L. HARRIS §    113TH JUDICIAL DISTRICT

## MOTION TO QUASH
## CITATION OF SERVICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Keith L. Harris, and files this his Motion to Quash the Plaintiffs'

attempt to service with citation in this matter and would show the Court as follows:

I.

On or about June 30, 2017, Plaintiffs in this matter filed their Original Petition as against

Yourga Trucking, Inc. and Keith L. Harris. In their Petition, Plaintiffs attempted service on Keith

L. Harris, allegedly under §17.062 of the Tex. Civ. Prac. & Rem. Code by and through the

Chairman of the Highway Commission. Citation and service in this matter are defective as a matter

of law. Keith L. Harris moves to quash this Citation by Plaintiffs to properly serve this Defendant.

II.

The Citation issued in this case (attached hereto as Exhibit 1) shows that Keith L. Harris is

to be served by and through the "Chairman of the Highway Commission". Based upon the

Officer's Return of Service filed with this Court (attached hereto as Exhibit 2), it served Keith L.

Harris by delivering Citation to "Chairman of the Texas Transportation Commission". The Texas

Transportation Commission forwarded the citation on August 10, 2017. (attached hereto as Exhibit

3). The Citation issued in this matter and the Officer's Return do not match. Plaintiffs in this

597127.1 PLD 0001157 16664 DWP

matter have attempted to serve Defendant under Section 17.044 (*et. seq.*) of the TEX. CIV. PRAC. & REM. CODE. The Citation served on Defendant, Keith L. Harris, is defective in that the name of the entity in the return of citation does not match the name of the entity to be served as stated in the Petition.

The Texas Supreme Court has held that the name of the agent for service of process alleged in the petition must match the name of the agent for service upon whom process was served as reflected in the return. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 884-85, 28 Tex. Sup. Ct. J. 423 (Tex. 1985). Further failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *McKanna v. Edgar, 388 S.W.2d 927, 929 (Tex. 1965).*

III.

In *Uvalde County Club* the person served with citation was, "Henry Bunting," and the petition alleged that the registered agent was "Henry Bunting, Jr." The Texas Supreme Court found that the service of citation was not in strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation. *See, e.g., Tex. R. Civ. P. 101, 106, and 107.*

Strict compliance requires that the name of the party listed in the return of service essentially match the name of the party named in the citation or petition. *See Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp., 62 S.W.3d 308, 310-11 (Tex. App.--Houston [1st Dist.] 2001, pet. denied).* This requirement is not new. *See Hendon v. Pugh, 46 Tex. 211, 212 (1876)* (return showing service on "J.N. Hendon" not sufficient to show service on defendant J.W. Hendon). In *Hercules*, the court of appeals reversed a default judgment because the return of citation reflected that "Hercules Concrete Pumping" was served, when Hercules Concrete Pumping Service, Inc. was the defendant to whom the citation was directed. *Id. at 310-*

*11*. The court of appeals held that the return failed to show proper service because there was no showing that the company in the return that lacked the word "Service" in its name was the same company as the defendant whose name included the word "Service." *Id. at 311*. The court reasoned that "it is common knowledge that related corporate entities often share a portion of the same name, but are, nonetheless, separate and distinct corporate entities." *Id.* Not all discrepancies will negate service, however; omission of the business form (like "Inc."), insignificant words (like "at"), or an accent mark over a letter from a company name on the service return will not invalidate service. *See id.; see also Ortiz v. Avante Villa at Corpus Christi, Inc., 926 S.W.2d 608, 613 (Tex. App.-- Corpus Christi 1996, writ denied)*.

IV.

As noted above, the name of the agent for service of process alleged in the petition must match the name of the agent for service upon whom process was served as reflected in the return. In this matter Plaintiff states that the agent for service of process for Keith L. Harris is the "Chairman of the Highway Commission". Based upon the Officer's Return of Service filed with this Court Plaintiff served the "Chairman of the Texas Transportation Commission". Thus, the name of the agent listed in the return of service does not match the name of the party named in the citation or petition, therefore the service of citation on Keith L. Harris is defective.

V.

CONCLUSION

Therefore, as a matter of law, service on Keith L. Harris is defective and Keith L. Harris moves to quash said Citation. Because of these defects in Citation and service, the Defendant requests that the Court grant this Motion to Quash and make an Order quashing the service on

Certified Document Number: 76840465 - Page 3 of 4

Defendant or extending the time for Defendant's Answer until the next Monday after the expiration

of twenty days of this Court's Order as provided by TEX. R. CIV. PRO. 122.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

David W. Prasifka
SBN: 16231700
Walter F. "Trey" Williams, III
SBN: 21592800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671
dwp@lorancethompson.com
wfw@lorancethompson.com
**ATTORNEYS FOR DEFENDANT,
KEITH L. HARRIS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2017 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Kevin O'Malley
**O'MALLEY LAW FIRM**
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

David W. Prasifka

597127.1 PLD 0001157 16664 DWP



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76840465 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

PLAINTIFF: ROBERTSON, DENISE JAMES
vs.
DEFENDANT: YOURGA TRUCKING INC

Judicial District Court
of Harris County, Texas
113TH DISTRICT COURT
Houston, TX

CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: HARRIS, KEITH L
SERVICE MAY BE MADE BY SERVING CHAIRMAN OF THE HIGHWAY COMMISSION
125 E 11TH STREET AUSTIN TEXAS 78701
FOWARD

99 DEE COURT    LITTLE ROCK  AR  72209
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 30th day of June, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 5th day of July, 2017, under my hand and
seal of said Court.

Issued at request of:
O'MALLEY, KEVIN
440 LOUISIANA STREET SUITE
2080
HOUSTON, TX  77002
Tel: (713) 629-7878
Bar No.: 15278690

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: ALEXANDER, RAYSHANA D
FEJ//10720305

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, ____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____   copy(ies) of the
Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas
_____ of _____ County, Texas

By _____
                        Deputy

_____
       Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by
he/she stated that this citation was executed by him/her in the exact manner
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____

EXHIBIT
1





**Carlos B. Lopez, Constable**
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
August 11, 2017

DISTRICT CLERK HARRIS
PO BOX 4651
HOUSTON,TX 77210

## INVOICE

Cause Nbr: 201743769-1
Plaintiff: LESLIE JAMES ROBERTSON
Service Name: KEITH L HARRIS

Service Fee: 75.00
Payment Received: 75.00
Balance Due:  0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
**www.Constable5.com**
Be sure to bookmark the ServiceCheck page



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76840466 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Cause No.: 201743769       {}     In the 113th District Court
                                  {}     HARRIS County
Plaintiff:                        {}
LESLIE JAMES ROBERTSON

Defendant:
YOURGA TRUCKING INC



### Officer's Return

Came to hand August 10, 2017 at 9:35 A.M. and executed in Travis County, Texas, on August 10, 2017 at 1:26 P.M. by delivering to KEITH L HARRIS by delivering to TRYON D LEWIS Chairman of the Texas Transportation Commission, at 125 E. 11th Street, Austin, Texas, 78701, by delivering to F. WYDERMYER, designated agent for the Chairman of the Texas Transportation Commission, duplicate true copies of the citation (STATE HIGHWAY COMMISSION) together with duplicate copies of the Plaintiff's ORIGINAL petition AND REQUEST FOR DISCLOSURE.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by: _____
Edd Curry, Deputy

Certified Document Number: 76804749 Page 3 of 4







U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78701 $ 000.46⁰
02 4M
0000334691 AUG 11 2017

**F I L E D**
Chris Daniel
District Clerk
AUG 16 2017
Time: _____
Harris County, Texas
BY _____ Deputy JANET ROSE



**CARLOS B. LOPEZ**
TRAVIS COUNTY CONSTABLE, PRECINCT FIVE

1003 GUADALUPE ST.
AUSTIN, TEXAS 78701

*RETURN SERVICE REQUESTED*

7721084651  BC57



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 2, 2017

Certified Document Number:        76427249 Total Pages:  4

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Certified Document Number: 76840467 - Page 3 of 3

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76840467 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 19345017
By: DELTON ARNIC
Filed: 9/11/2017 12:16 PM

# TEXAS TRANSPORTATION COMMISSION
# CHAIRMAN'S CERTIFICATE

## NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 113TH JUDICIAL |
| | § | |
| KEITH L. HARRIS | § | HARRIS COUNTY, TEXAS |

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Tryon D. Lewis, Chairman of the Texas Transportation Commission, and Certifies to the court as follows:

That on August 10, 2017, I was duly served with Citation and copy of Plaintiffs' Original Petition and Request for Disclosure in the above styled and numbered cause, which I immediately caused to be forwarded by U.S. Certified Mail, certified number 7016 2070 0000 2912 7095 addressed to Keith L. Harris, 99 Dee Court, Little Rock, AR 72209 with postage prepaid, return receipt requested;

In witness whereof, this certificate is issued in Austin, Texas, this 16th day of August, 2017.





_____
Chairman, Texas Transportation Commission



# Texas Department of Transportation

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

August 16, 2017

Keith L. Harris
99 Dee Court
Little Rock, AR 72209

Re:  GCD No. 42839
     Cause No. 2017-43769
     Harris County
     Plaintiff: Leslie James Robertson, et al
     Defendant: Keith L. Harris

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiffs' Original Petition and Request for Disclosure on August 10, 2017.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc:  Kevin O'Malley
     Attorney at Law
     440 Louisiana St., Suite 2080
     Houston, TX 77002
     Telephone (713) 629 7878

U.S. Certified Mail No. 7016 2070 0000 2912 7095
Return Receipt Requested



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 2, 2017

Certified Document Number:        76592363 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Certified Document Number: 76840468 - Page 3 of 4

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

David W. Prasifka
SBN:  16231700
Walter F. "Trey" Williams, III
SBN:  21592800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671
dwp@lorancethompson.com
wfw@lorancethompson.com
**ATTORNEYS FOR DEFENDANT,
KEITH L. HARRIS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2017 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Kevin O'Malley
**O'MALLEY LAW FIRM**
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

David W. Prasifka

597127.1 PLD 0001157 16664 DWP



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76840468 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Harris County
Envelope No: 19784468
By: ALEXANDER, RAYSHANA D
Filed: 10/2/2017 10:32:16 AM

## CAUSE NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON | § | IN THE DISTRICT COURT OF |
| AND DENITA ROBERTSON | § | |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

### ORDER

After considering Keith L. Harris' Motion to Quash Service and the response, the

evidence on file, and arguments of counsel, the court:

GRANTS the motion.  The service of citation allegedly made on Keith L. Harris on

August 10,  2017 is hereby QUASHED.

SIGNED on this the _____ day of October 2017.


_____
PRESIDING JUDGE


APPROVED AS TO FORM AND SUBSTANCE:

**LORANCE & THOMPSON, P.C.**

David W. Prasifka
SBN:  16231700
Walter F. "Trey" Williams, III
SBN:  21592800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671
dwp@lorancethompson.com
wfw@lorancethompson.com
**ATTORNEYS FOR DEFENDANT,
KEITH L. HARRIS**

597127.1 PLD 0001157 16664 DWP



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76840469 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 19817606
By: janel gutierrez
Filed: 10/3/2017 11:00 AM

CAUSE NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON | § | IN THE DISTRICT COURT OF |
| AND DENITA ROBERTSON | § | |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

### <u>NOTICE OF ORAL HEARING</u>

**TO:**   **Leslie James Robertson and Denita Robertson, by and through their attorney of record, Kevin O'Malley, O'Malley Law Firm, 440 Louisiana Street, Suite 2080, Houston, Texas 77002**

PLEASE TAKE NOTICE that on Friday, October 27, 2017 at 10:00 A.M. Defendant Keith

L. Harris' Motion to Quash Service of Citation (filed on October 2, 2017) will be heard by the

113th Judicial District Court of Harris County, Texas.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

David W. Prasifka
SBN: 16231700
Walter F. "Trey" Williams, III
SBN: 21592800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671
dwp@lorancethompson.com
wfw@lorancethompson.com
**ATTORNEYS FOR DEFENDANTS,
YOURGA TRUCKING, INC. AND
KEITH L. HARRIS**

597321.1 PLD 0001157 16664 DWP

Certified Document Number: 76856641 - Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2017 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Kevin O'Malley
**O'MALLEY LAW FIRM**
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

David W. Prasifka

597321.1 PLD 0001157 16664 DWP



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76856641 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 19820845
By: janel gutierrez
Filed: 10/3/2017 12:19 PM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION TO AMEND CITATION AND RETURN OF SERVICE OR OTHERWISE TO DETERMINE SERVICE WAS SUFFICIENT AND OVERRULE MOTION TO QUASH SERVICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, and file this their Motion to Amend Citation and Return of Service or Otherwise to Determine Service was Sufficient or Overrule Motion to Quash Citation of Service, and would show the Court as follows:

I.

### Background

1.    Leslie Robertson and Keith L. Harris were involved in an automobile/tractor trailer collision on August 23, 2016.

2.    Leslie Robertson sued Keith L. Harris and his employer Yourga Trucking, Inc.

3.    Yourga Trucking, Inc. answered on October 2, 2017.

4.    Keith L. Harris was served through the Chairman of the Texas Transportation Commission on August 16, 2017. Attached hereto as Exhibit 1 is correspondence from the Texas Department of Transportation.  It reads in pertinent part:

Certified Document Number: 76859802 - Page 1 of 3

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiffs' Original Petition and Request for Disclosure on August 10, 2017.

Keith L. Harris contends the service contained a technical glitch which renders service invalid. The citation reads that service may be made by serving the Chairman of the Highway Commission attached hereto as Exhibit 2. Please note Keith L. Harris does not raise any due process allegations.

II.

Argument

The attached Exhibit 3 is TxDot Facts obtained from Texas Department of Transportation. It states:

The State Department of Highways and Public Transportation was renamed the Texas Department of Transportation in 1991.

Texas law has always been clear, that a simple misnomer does not invalidate service.

III.

Plaintiffs therefore request that the Court overrule Defendant Keith L. Harris' Motion to Quash Service of Citation, and that the citation and return of citation be amended to reflect the current name i.e. Texas Transportation Commission.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs LESLIE JAMES ROBERTSON and DENITA ROBERTSON respectfully pray that this Honorable

2

Certified Document Number: 76859802 - Page 2 of 3

Court overrule Defendant Keith L. Harris' Motion to Quash Service of Citation.

Respectfully submitted,

Kevin O'Malley
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile, to counsel of record on this 3rd day of October, 2017.

KEVIN O'MALLEY

Certified Document Number: 76859802 - Page 3 of 3

3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:       76859802 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# Texas Department of Transportation

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

August 16, 2017

Keith L. Harris
99 Dee Court
Little Rock, AR 72209

Re:   GCD No. 42839
      Cause No. 2017-43769
      Harris County
      Plaintiff: Leslie James Robertson, et al
      Defendant: Keith L. Harris

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiffs' Original Petition and Request for Disclosure on August 10, 2017.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc:   Kevin O'Malley
      Attorney at Law
      440 Louisiana St., Suite 2080
      Houston, TX 77002
      Telephone (713) 629 7878

U.S. Certified Mail No. 7016 2070 0000 2912 7095
Return Receipt Requested



OUR VALUES: People • Accountability • Trust • Honesty
OUR MISSION: Through collaboration and leadership, we deliver a safe, reliable, and integrated transportation system that enables the movement of people and goods.

An Equal Opportunity Employer

Certified Document Number: 76859803 - Page 1 of 2

# TEXAS TRANSPORTATION COMMISSION
# CHAIRMAN'S CERTIFICATE

### NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 113TH JUDICIAL |
| | § | |
| KEITH L. HARRIS | § | HARRIS COUNTY, TEXAS |

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Tryon D. Lewis, Chairman of the Texas Transportation Commission, and Certifies to the court as follows:

That on August 10, 2017, I was duly served with Citation and copy of Plaintiffs' Original Petition and Request for Disclosure in the above styled and numbered cause, which I immediately caused to be forwarded by U.S. Certified Mail, certified number 7016 2070 0000 2912 7095 addressed to Keith L. Harris, 99 Dee Court, Little Rock, AR 72209 with postage prepaid, return receipt requested;

In witness whereof, this certificate is issued in Austin, Texas, this 16th day of August, 2017.



Chairman, Texas Transportation Commission



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    January 30, 2018

Certified Document Number:        76859803 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO.   201743769

RECEIPT NO.                                    0.00     MTA
                    *********              TR # 73390681

PLAINTIFF: ROBERTSON, LESLIE JAMES                In The   113th
                    vs.                           Judicial District Court
DEFENDANT: YOURGA TRUCKING INC                    of Harris County, Texas
                                                  113TH DISTRICT COURT
                                                  Houston, TX

CITATION (STATE HIGHWAY COMMISSION)
THE STATE OF TEXAS
County of Harris

TO: HARRIS, KEITH L
    SERVICE MAY BE MADE BY SERVING CHAIRMAN OF THE HIGHWAY COMMISSION
    125 E 11TH STREET AUSTIN TEXAS 78701
    FOWARD

    99 DEE COURT   LITTLE ROCK AR 72209
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 30th day of June, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 5th day of July, 2017, under my hand and
seal of said Court.



Issued at request of:                          CHRIS DANIEL, District Clerk
O'MALLEY, KEVIN                                Harris County, Texas
440 LOUISIANA STREET SUITE                     201 Caroline, Houston, Texas 77002
2080                                           (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX 77002
Tel: (713) 629-7878                            Generated By: ALEXANDER, RAYSHANA D
Bar No.: 15278690                              FEJ//10720305

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                         Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                          _____

                                       _____ of _____ County, Texas

_____            By _____
        Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                       _____
                                                  Notary Public

N.INT.HWY.F                    *73390681*


PLAINTIFF'S EXHIBIT 2

Certified Document Number: 76859804 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76859804 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# TxDOT Expressway

**DOT Links©**

Select A Link...          ▼

## TxDOT Facts

Glossary | Counties of Texas | Designation | Search the Texas Highway Designation Files | Texas Memorial Highways | PASS Routes

- Gen. Roy Stone, the first director of the **U.S. Office of Road Inquiry**, told a Houston audience in 1895 that Texas had made less progress toward good roads than any other state. More than a century later, Texas' road system is considered one of the best in the world.

- **Texas Good Roads Association** was founded in 1903, but folded in 1907. It was reborn in 1910, and heavily influenced the legislation that formed Texas' highway department.

- Congress passed the **Federal Highway Bill in 1916** to allocate federal funds to States for road construction. Only those with a state highway department could receive federal money for roads, so Texas was ineligible.

- When Governor James E. Ferguson signed the bill creating the Texas Highway Department, Texas became the **45th state to set up a highway department**.

- The **Texas Highway Department was created on April 4, 1917**, by the 35th Legislature.  The department began operation on June 4, 1917, with the first meeting of the Texas Highway Commission, in the corner of the House Chamber in the unairconditioned Texas Capitol. The first order of business was a motion from Commissioner H. C. Odle that George A. Duren be appointed state highway engineer. The next motion was for adjournment. After all, with no highways, there really wasn't much business.  A few weeks later, the commission designated a highway system comprising 8,865 miles of "improved roadways".

- The **first construction under the supervision of the Highway Department** was a 20-mile section of untreated flexible base 16 feet wide between Falfurrias and Encino. Work began In October 1918 and completed in June 1920. The corridor is in the same location as present day U. S. 281.

- All highways in Texas were re-designated by Minute Order 16701 in the **General Re-designation of Texas Highways** on September 26, 1939.

- Congress passed a new **Federal Aid to Roads Act** in 1921, requiring states to have exclusive control in road design, construction, and maintenance.

- The **Highway Department assumed responsibility for highway maintenance** on January 1, 1924. Before that maintenance was a concern of each county. During the first year, costs reached $4.5 million.

- In 1925, the Supreme Court ruled that ownership of roads is vested in the states.

- The **U. S. Bureau of Public Roads** shut off all federal highway aid to Texas in 1925 because of the poor state of highway maintenance.

- In 1925, the 39th Legislature gave the department **authority to acquire land for highways** by purchase or condemnation.

- In **1928**, the department had 18,000 highway miles: 96 miles of concrete, 1,060 miles of asphalt, 5,000 miles of gravel, shell, or stone, and 10,000 miles of just plain dirt.

- The department spent **$495 per mile for maintenance in 1928**, most of it for work to satisfy the U. S. Bureau of Public Roads to regain federal aid.

- Highway crews started **erecting signs and marking pavements in 1929** in accordance with standards set by the states through the American Association of State Highway Officials (AASHTO). During this first year, Texas crews erected more than 100,000 signs.

- From **1929 to 1930, the department built 1,773 miles of new highways** and improved 629 miles of existing roads.

- By 1934, **the custom of delaying the mowing of right of way** until the flowering season was over and annual wildflowers reseeded themselves had been instituted.

- More than **60,000 pounds of wildflower seed** are planted along Texas highways every year.

Certified Document Number: 76859805 - Page 1 of 2


PLAINTIFF'S EXHIBIT 3

From 1934-1936, employees planted 300,000 trees and 500,000 shrubs, which included digging the hole, removing the tree from its original location, plus planting, mulching and watering. This marked the beginning of the department's beautification project.

- The **Baytown Tunnel** under the Houston Ship Channel opened September 22, 1953, replacing the Morgan's Point Ferry. Forty-two years later, it was replaced by the Fred Hartman Bridge.

- In 1956, the Highway Revenue Act increased gas and other motor vehicle taxes and created the Highway Trust Fund by earmarking gas, tire, and truck/bus weight tax solely for highway construction and maintenance.

- On June 19, 1975, Gov. Dolph Briscoe signed a bill that merged Texas Mass Transportation Commission and the highway department to form the **State Department of Highways and Public Transportation**.

- The State Department of Highways and Public Transportation was renamed the **Texas Department of Transportation** in 1991.

- Texas has over 60 miles of **toll roads.** Texas opened its first toll highway in 1957, connecting Dallas and Fort Worth.

- TxDOT maintains more than **79,000 miles** of farm-to-market, ranch-to-market, state, U.S. and interstate highways.   That's more roadway than any other state.

- There are approximately **25,678,000 square feet of signs** and **45,552 reference markers** along Texas roadways.

- There are **100 safety rest areas,** numerous **picnic areas,** and **12 Travel Information Centers** in Texas.

- The department's **10 ferries** carried approximately 4,100,000 vehicles in fiscal 1997.

- The **exact center of Texas** is located approximately 20 miles north of Brady in McCulloch County.

For more information, you can go to the Statistical Roadway Information page.

FACTS COURTESY OF TRANSPORTATION NEWS, OCTOBER 1997, TEXAS HIGHWAY MAGAZINE, SEPTEMBER 1967, AND TRANSPORTATION PLANNING & PROGRAMMING DIVISION

© Copyright 2017, TxDOT
All Rights Reserved.

**Disclaimer | Accessibility Policy | Privacy and Security Policy | Open Records | TxDOT Contacts**

Certified Document Number: 76859805 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76859805 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 19820845
By: janel gutierrez
Filed: 10/3/2017 12:19 PM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND DENITA ROBERTSON | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, T E X A S |
| YOURGA TRUCKING, INC. AND KEITH L. HARRIS | § § § | 113TH JUDICIAL DISTRICT |

## ORDER

After considering Keith L. Harris' Motion to Quash Service, Plaintiffs' response, the evidence on file, and arguments of counsel, the Court:

ORDERED the citation and return of citation be amended to reflect the Chairman of the Texas Transportation Commission as opposed to the Chairman of the Highway Commission. It is further,

ORDERED that all due process requirements have been met by such service that was effected. It is further,

ORDERED that the Motion to Quash Citation of Service is overruled.

SIGNED on this the _____ day of October, 2017.


_____
JUDGE PRESIDING



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76859806 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel, District Clerk Harris County
Envelope No. 19962828
By: janel gutierrez
Filed: 10/10/2017 11:17 AM

## CAUSE NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON | § | IN THE DISTRICT COURT OF |
| AND DENITA ROBERTSON | § | |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND CITATION AND RETURN OF SERVICE OR OTHERWISE TO DETERMINE SERVICE WAS SUFFICIENT AND OVERRULE MOTION TO QUASH SERVICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Keith L. Harris, and files this his Response to Plaintiff's Motion to Amend Citation and Return of Service or Otherwise to Determine Service was Sufficient and Overrule Motion to Quash Service ("Motion") and would show the Court as follows:

I.

On or about October 2, 2017, Keith L. Harris filed his Motion to Quash Citation of Service for defective service as a matter of law. In response to Defendant Harris' Motion to Quash, Plaintiff filed their Motion to Amend Citation and Return of Service or Otherwise to Determine Service was Sufficient and Overrule Motion to Quash Service. In their Motion, Plaintiff claims service rendered to Keith L. Harris contained only a simple misnomer that does not invalidate service. This contention by Plaintiff simply attempts to side-step the issue raised in the Motion to Quash service. As stated succinctly in the Motion to Quash **"the name of the agent for service of process alleged in the petition must match the name of the agent for service upon whom process was served as reflected in the return."**

Certified Document Number: 76947618 - Page 1 of 5

597441.1 PLD 0001157 16664 CECOPELAND

The Petition and Citation issued showed Keith L. Harris was to be served by the Chairman of the Highway Commission. However, the Return of Service showed Keith L. Harris was served via mail by the Texas Transportation Commission. This distinct difference in who rendered service is not a simple misnomer.

## II.

Plaintiff's Motion asserts a simple misnomer does not invalidate service. However, the error in this matter is significant since the agent for service of process name in the citation does not match the agent who was served with citation. In *N.C. Mut. Life Ins. Co.* the court held service was not proper because the return of service omitted a word from the defendant's name that was listed on the petition and citation. *N.C. Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 720 (Tex. App. 2003 —Austin 2003, pet. denied). The petition and citation listed the Defendant company as "North Carolina Mutual Life Insurance Company," whereas the return listed the company as "North Carolina Mutual Insurance Company" *Id.* The court reason the omission of the word "Life" on the return was a significant misnomer because companies often use slight variations or combinations of words to create different entities. *Id.* Such omissions of words or phrases between service of process documents may cause parties to be misled as to who is really being served. *Id.* Further, the court held service of the citation was invalid as it did not strictly comply with the rules of procedure, regardless of whether the defendant company eventually received a copy of the citation and petition. *Id* at 722.

Plaintiff's Petition and Citation state service is to be made through the Chairman of the Highway Commissions. The Return of Service, however, states service was made by the Texas Transportation Commission. Like *N.C. Mut. Life Ins. Co.*, the use of "Highway" instead of "Texas Transportation" is not a simple misnomer. The blatant difference between the two names is

Certified Document Number: 76947618 - Page 2 of 5

misleading as there are other entities that use the name, "Highway Commission," such as the Federal Highway Commission. Because the misnomer is seriously misleading, the service of citation did not strictly comply with the rules of civil procedure and must be rendered invalid.

III.

In *Pharmakinetics Labs*, the court also noted that when service is made on an agent of a corporation or other entity the citation itself must affirmatively show the person served is the agent for service. *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App. 1986) (*See Keltner & Burke, Protecting the Record for Appeal: A Reference Guide in Texas Civil Cases, 17 St. Mary's L.J. 273, 302-03 (1986)*). Neither Plaintiff's Citation nor the Petition make any reference to the agent for service, the Texas Transportation Commission, that was actually served. The only document that makes reference to the Texas Transportation Commission is the Return of Service. Thus, because the citation does not affirmatively show the Texas Transportation Commission is the agent for service, service must be rendered invalid.

IV.

Further, in their Motion as Exhibit 3, Plaintiff references a list TxDot facts obtained from the Texas Department of Transportation website. Those facts state, "The State Department of Highways and Public Transportation was renamed the Texas Department of Transportation in 1991." Nowhere in the facts Plaintiff provided does it reference the Highway Commission. Though the Highway Commission may have merged with the Texas Department of Transportation forming the same entity, this transition occurred nearly twenty-six years ago. In such a large span of time it is likely another entity has adopted the same name, further adding to the confusion. This is the exact type of confusion the court warned of in *N.C. Mut. Life Ins. Co. v. Whitworth*. It is likely a reasonable defendant would be misled to think the Highway Commission was something other

597441.1 PLD 0001157 16664 CECOPELAND

than the Texas Transportation Commission. Texas law is clear, a significant misnomer does not strictly comply with the rules of procedure, and will render service invalid. *N.C. Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 722 (Tex. App. 2003 —Austin 2003, pet. denied).

V.

CONCLUSION

Therefore, as a matter of law, service on Keith L. Harris is defective and Keith L. Harris again moves to quash said Citation. Because of these defects in Citation and service, the Defendant requests that the Court grant this Motion to Quash and make an Order quashing the service on Defendant or extending the time for Defendant's Answer until the next Monday after the expiration of twenty days of this Court's Order as provided by TEX. R. CIV. PRO. 122.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

David W. Prasifka
SBN: 16231700
Walter F. "Trey" Williams, III
SBN: 21592800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671
dwp@lorancethompson.com
wfw@lorancethompson.com
**ATTORNEYS FOR DEFENDANT,
KEITH L. HARRIS**

Certified Document Number: 76947618 - Page 4 of 5

597441.1 PLD 0001157 16664 CECOPELAND

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2017 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Kevin O'Malley
**O'MALLEY LAW FIRM**
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

David W. Prasifka

597441.1 PLD 0001157 16664 CECOPELAND



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76947618 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Envelope No. 19962828
By: MOSE, JANEL E
Filed: 10/10/2017 11:17:32 AM

CAUSE NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON | § | IN THE DISTRICT COURT OF |
| AND DENITA ROBERTSON | § | |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## ORDER

After considering Keith L. Harris' Motion to Quash Service and all responses, the evidence on file, and arguments of counsel, the court:

GRANTS the motion.  The service of citation allegedly made on Keith L. Harris on August 10, 2017 is hereby QUASHED.

SIGNED on this the _____ day of October 2017.

_____
PRESIDING JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

**LORANCE & THOMPSON, P.C.**

David W. Prasifka
SBN: 16231700
Walter F. "Trey" Williams, III
SBN: 21592800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671
dwp@lorancethompson.com
wfw@lorancethompson.com
**ATTORNEYS FOR DEFENDANT,
KEITH L. HARRIS**

597441.1 PLD 0001157 16664 CECOPELAND

Certified Document Number: 76947619 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    January 30, 2018

Certified Document Number:        76947619 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 19990707
By: Rayshana Alexander
Filed: 10/11/2017 12:12 PM

NO. 2017-43769

| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, hereinafter referred to as Plaintiffs, complaining of YOURGA TRUCKING, INC. and KEITH L. HARRIS, hereinafter referred to as Defendants, and for cause of action would respectfully show this Honorable Court the following.

I.

### DISCOVERY CONTROL PLAN

Plaintiffs, pursuant to Rule 190. Discovery Limitations, hereby allege that discovery shall be conducted under Level 2 and that they seek monetary relief aggregating more than $200,000.

II.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within **fifty days** of the service of this request.

Certified Document Number: 76971736 - Page 1 of 8

III.

PARTIES

Plaintiffs are residents of Cleveland, Harris County, Texas.

Defendant, YOURGA TRUCKING, INC., is a foreign or nonresident corporation, partnership, sole proprietorship, or other form of business association doing business in the State of Texas and in Harris County, Texas, and has been served with citation and answered herein.

Defendant, KEITH L. HARRIS, is a resident of a state other than the State of Texas, and at times material to this lawsuit was operating a motor vehicle on the streets and highways of the State of Texas, and, therefore, is deemed to have appointed the Chairman of the Texas Transportation Commission as his true and lawful attorney and agent, and service of citation may be made by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, pursuant to Texas Statutes and all other applicable laws. The Chairman of the Texas Transportation Commission shall forthwith by registered or certified mail, return receipt requested, forward a copy of such citation as follows: Keith L. Harris, 99 Dee Court, Little Rock, Arkansas 72209.

IV.

VENUE AND JURISDICTION

Venue is proper in the county in which this lawsuit has been filed on the grounds that at all times material to this lawsuit and

Certified Document Number: 76971736 - Page 2 of 8

2

to the filing of this lawsuit, the Plaintiff resided in such county and resided in such county at the time of the cause of action or a part thereof as described herein accrued and/or arose.

V.

NEGLIGENCE

On or about August 23, 2016, in Houston, Harris County, Texas, Plaintiff, LESLIE JAMES ROBERTSON, was operating his vehicle in a careful and non-negligent manner and proceeding westbound in the 5800 block of US Hwy 90, when suddenly and without warning, KEITH L. HARRIS, who was operating his vehicle in a careless and negligent manner, and was northbound in a cross-over to go west onto the 5800 block of US Hwy 90, caused the occurrence in question and the injuries and damages described herein.

Defendants, KEITH L. HARRIS and YOURGA TRUCKING, INC., engaged in certain acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

a) In failing to keep a proper lookout as a person using ordinary care would have made;

b) In failing to make such application of the brakes as a person using ordinary care would have made;

c) In failing to properly maintain his vehicle as a person using ordinary care would have made;

d) In failing to attend to and control his vehicle as a person using ordinary care would have made;

e) In failing to yield right-of-way at a stop sign;

f) In entering a roadway when it was unsafe;

3

Certified Document Number: 76971736 - Page 3 of 8

g)    In selecting a dangerous route;

h)    In failing to use an alternative route;

i)    In failing to have appropriate lighting and/or warnings on the tractor and trailer; and

j)    In blocking a moving lane of traffic.

VI.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was operating a vehicle owned, controlled, and/or maintained by the Defendant, YOURGA TRUCKING, INC.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with the Defendant, YOURGA TRUCKING, INC.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was using such vehicle with the actual or implied authority and permission of the Defendant, YOURGA TRUCKING, INC. and Defendant KEITH L. HARRIS, was subject to the direction and control of and in the furtherance of a mission for the benefit of the Defendant YOURGA TRUCKING, INC.

At all times material to this lawsuit, the Defendant YOURGA TRUCKING, INC., permitted the Defendant, KEITH L. HARRIS, to operate the vehicle in question when the Defendant, YOURGA TRUCKING, INC. knew or in the exercise of ordinary care would have known that the Defendant KEITH L. HARRIS, was a reckless and incompetent driver. Such acts and omissions constitute negligence, and such negligence

4

Certified Document Number: 76971736 - Page 4 of 8

was a proximate cause of the occurrence in question and the injuries and damages described herein. Plaintiffs hereby invoke the doctrine of negligent entrustment as that doctrine is applied under the laws of the State of Texas.

VII.

The acts and omissions constituting negligence and negligence per se, described herein were each a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiffs.

VIII.

DAMAGES

As a result of the occurrence described herein, the Plaintiff, LESLIE ROBERTSON, has sustained substantial injuries and damages, including but not limited to, a broken neck, injuries to his left knee, back, head, and injuries to his body, generally.

Plaintiff would show that if he was suffering from any disease or condition existing prior to the occurrence in question, such disease or condition was dormant to Plaintiff and not causing him any pain or disability, and that the occurrence in question has incited, accelerated, and aggravated such condition to such an extent that it has now become painful and disabling as described herein.

At the time of such occurrence, the Plaintiff was 58 years of age and had a life expectancy of many years according to the

5

applicable United States Life Tables, a certified copy of which will be used in evidence at the trial of this cause.  The Plaintiff was in good health and was capable of earning a living for himself, and he was employed and earning an income.  As a result of this occurrence, Plaintiff has sustained a loss of earnings and a loss of earning capacity in the past and will sustain, in reasonable probability, a loss of earnings and a loss of earning capacity in the future.

As a further result of such occurrence, the Plaintiff has incurred medical expenses in the past, and will sustain, in reasonable probability, medical expenses in the future and such expenses are and will be reasonably necessary for the injuries sustained, and are and will be reasonable and customary in the community in which they were and will be incurred.

As a further result of such occurrence, the Plaintiff has suffered physical pain and mental anguish in the past, and will suffer, in reasonable probability, from physical pain and mental anguish in the future; and the Plaintiff has suffered from physical impairment and embarrassment in the past, and will suffer, in reasonable probability, from physical impairment and embarrassment in the future.

As a further result of such occurrence, the Plaintiff, LESLIE ROBERTSON, has sustained the loss of household services and a loss of capacity to perform household services in the past, and will

6

Certified Document Number: 76971736 - Page 6 of 8

sustain, in reasonable probability, a loss of household services and a loss of capacity to perform household services in the future.

As a further result of such occurrence and the injuries sustained by LESLIE ROBERTSON, the Plaintiff, DENITA ROBERTSON, his wife, has sustained damages for the loss of consortium, as that term is understood and applied under the laws of the State of Texas.

IX.

DISCOVERY REQUESTS

Pursuant to Rule 194.1 et seq. of the Texas Rules of Civil Procedure, Plaintiffs hereby request Defendants to disclosure the information or material described in Rule 194.2(a) through Rule 194.2(1) of the Texas Rules of Civil Procedure.  Defendants have fifty (50) days from the date of service.

X.

RULE 193.7 NOTICE

Defendants are hereby notified that Plaintiffs intend to use all documents produced by Defendants in discovery of the trial of this cause, and therefore requests that Defendants assert any objection to the authenticity of any document Defendants produce within 10 days of its production.

XI.

In view of all the matters alleged herein, the sum of money, if paid now in cash, that would fairly and reasonably compensate the Plaintiffs for their actual damages is a sum of money in excess of

7

Certified Document Number: 76971736 - Page 7 of 8

the minimum jurisdictional limits of this Court.

XII.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that the Defendants be cited to appear and answer herein; that upon trial hereof they have judgment of the Court against the Defendants, jointly and severally, in a total amount of money within the jurisdictional limits of this Court, together with pre-judgment and post judgment interest as permitted by applicable laws; for all costs of court; for all such other and further relief, both general and special, legal and equitable, to which they have shown or may show themselves justly entitled.

Respectfully submitted,

/s/ Kevin O'Malley
Kevin O'Malley
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile, to counsel of record on this 11th day of October, 2017.

/s/ Kevin O'Malley
KEVIN O'MALLEY

8

Certified Document Number: 76971736 - Page 8 of 8



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        76971736 Total Pages:  8

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 20319423
By: janel gutierrez
Filed: 10/26/2017 10:06 AM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## SUPPLEMENT TO PLAINTIFFS' MOTION TO AMEND CITATION AND RETURN OF SERVICE OR OTHERWISE TO DETERMINE SERVICE WAS SUFFICIENT AND OVERRULE MOTION TO QUASH SERVICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, and file this their Supplement Motion to Amend Citation and Return of Service or Otherwise to Determine Service was Sufficient or Overrule Motion to Quash Citation of Service, and would show the Court as follows:

I.

In this case, Defendants move to quash the citation because service was requested through the State Highway Commission and the return of service reflects the citation and petition were served by the "Chairman of the Texas Transportation Commission".

II.

### Argument

The Texas Rules of Civil Procedure permit this Court to amend the citation and/or service of process. Specifically, Rule 118 of our rules provide:

> At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly

appears that material prejudice would result to the substantial rights of the party against whom the process issued.

(Please see Exhibit 1 attached).

III.

The State Highway Commission and the Texas Transportation Commission are one in the same.   Section 201.003 of the Texas Transportation Code provides:

TITLE CHANGES.

a) A reference in law to the State Highway Department, Texas Highway Department, or State Department of Highways and Public Transportation means the Texas Department of Transportation.

b) A reference in law to the State Highway Commission or State Highway and Public Transportation Commission means the Texas Transportation Commission.

c) A reference in law to the State Highway Engineer or State Engineer-Director for Highways and Public Transportation means the director of the Texas Department of Transportation.

d) A reference in law to the commissioner of transportation means the chair of the commission.

(Please see Exhibit 2 attached).

IV.

Attached hereto as Exhibit 3 is an Affidavit of Kevin O'Malley which further outlines the reasons why this motion should be granted.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs LESLIE JAMES ROBERTSON and DENITA ROBERTSON move this Court to order that all aspects of service were proper and that Defendant is ordered to

2

Certified Document Number: 77171453 - Page 2 of 3

answer.

Respectfully submitted,

Kevin O'Malley
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile, to counsel of record on this 26 day of October, 2017.

KEVIN O'MALLEY

3

Certified Document Number: 77171453 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77171453 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CITATION

☆

cial District, _____ County, Texas, at the Courthouse of said county in _____, Texas, at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation, then and there to answer the petition of _____, Plaintiff, filed in said Court on the ___ day of _____, A.D., 20__, against _____, Defendant, said suit being number _____ on the docket of said Court, the nature of which demand is a suit to collect delinquent ad valorem taxes on the property hereinafter described.

The amount of taxes due Plaintiff, exclusive of interest, penalties, and costs, is the sum of $ _____, said property being described as follows, to-wit:

_____

_____

The names of all taxing units which assess and collect taxes on said property, not made parties to this suit, are:

_____

Plaintiff and all other taxing units who may set up their tax claims herein seek recovery of delinquent ad valorem taxes on the property hereinabove described, and in addition to the taxes all interest, penalties, and costs allowed by law thereon up to and including the day of judgment herein, and the establishment and foreclosure of liens securing the payment of same, as provided by law.

All parties to this suit, including plaintiff, defendants, and intervenors, shall take notice that claims not only for any taxes which were delinquent on said property at the time this suit was filed but all taxes becoming delinquent thereon at any time thereafter up to the day of judgment, including all interest, penalties, and costs allowed by law thereon, may, upon request therefor, be recovered herein without further citation or notice to any parties herein, and all said parties shall take notice of and plead and answer to all claims and pleadings now on file and which may hereafter be filed in this cause by all other parties hereto, and by all of those taxing units above named, who may intervene herein and set up their respective tax claims against said property.

If this citation is not served within 90 days after the date of its issuance, it shall be returned unserved.

The officer executing this return shall promptly serve the same according to the requirements of law and the mandates hereof and make due return as the law directs.

Issued and given under my hand and seal of said Court at _____, Texas, this the ___ day of _____, A.D., 20__.

_____

Clerk of the District Court

_____ County, Texas,

By _____, Deputy

History of TRCP 117a: Amended eff. Jan. 1, 1988, by order of July 15, 1987 (733-34 S.W.2d [Tex.Cases] xlvii): Sec. 3 amended to update fee schedule for service of citation of publications to an acceptable fee level for both litigants and publications. Amended eff. Dec. 1, 1950, by order of July 17, 1950 (11 Tex.B.J. 423 [1950]). Amended eff. Oct. 1, 1948, by order of May 4, 1948 (11 Tex.B.J. 537 [1948]). Adopted eff. Dec. 31, 1947, by order of Aug. 18, 1947 (10 Tex.B.J. 391 [1947]). Source: New rule.

See Commentaries, "Serving the Defendant with Suit," ch. 2-H, p. 181.

**ANNOTATIONS**

*Conseco Fin. Servicing Corp. v. Klein ISD*, 78 S.W.3d 666, 675 (Tex.App.—Houston [14th Dist.] 2002, no pet.). "The permissive language in Rule 117a(4) indicates an intent to give all other taxing units the discretion to join the suit, rather than giving the taxing unit instituting the suit discretion to exclude other taxing units, or cause them to have to obtain issuance of their own citations. ... Rule 117a does not require other taxing units to join in a tax suit, but it clearly permits them to intervene without further service."

## TRCP 118. AMENDMENT

At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

History of TRCP 118: Adopted eff. Sept. 1, 1941, by order of Oct. 29, 1940 (3 Tex.B.J. 543 [1940]). Source: TRCS art. 2044 (repealed), FRCP 4(h).

See Commentaries, "Serving the Defendant with Suit," ch. 2-H, p. 181.

**ANNOTATIONS**

*Higginbotham v. General Life & Acc. Ins.*, 796 S.W.2d 695, 697 (Tex.1990). Because a trial court's order holding that service was proper was "tantamount to formal amendment of the return of citation, the record was sufficient to show valid service."

*LEJ Dev. Corp. v. Southwest Bank*, 407 S.W.3d 863, 867-68 (Tex.App.—Fort Worth 2013, no pet.). "[T]he trial court may enter a postjudgment order granting amendment of a return of citation pursuant to rule 118 while the trial court retains plenary power. [¶] '[W]hen a return is amended under Rule 118, the amended return relates back and is regarded as filed





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77171454 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## <u>AFFIDAVIT</u>

STATE OF TEXAS
COUNTY OF HARRIS

BEFORE ME, the undersigned authority, on this day personally appeared KEVIN O'MALLEY, to me well known and who after being by me first duly sworn, did depose and say:

"My name is Kevin O'Malley. I am an attorney at law, duly licensed by the Supreme Court of Texas, since 1987, and authorized to practice before it and all inferior courts within the State of Texas. I am a member of good standing with the State Bar of Texas as attorney No. 15278690. I am over the age of 18 years, and have personal knowledge of the hereinafter facts of which I am fully competent to testify. The matters are true and correct.

While preparing this case to be filed, my office manager went to the website eFile.TXCourts.gov. There is a section called "Enter Filing Details". This page has a subsection called "Optional Services". This is the section to request citations. The web page lists the following in part:

        Issue Citation - Certified Mail ($8.00)
        Issue Citation - Insurance Commission ($12.00)
        Issue Citation - State Highway Commission ($12.00)
        Issue Citation - Publication ($8.00)
        Issue Citation - Registered Mail ($8.00)
        Issue Citation - Secretary of State ($12.00)

So, the eFile.TXCourts.gov directs lawyers to request service directly upon the State Highway Commission, even though it was renamed the Texas Department of Transportation in 1991. (Please see attached Exhibit 1).

Certified Document Number: 77171456 - Page 1 of 3



Further, affiant sayeth not.



KEVIN O'MALLEY

SWORN and SIGNED on this the 26th day of October, 2017, to certify which witness my hand and seal of office.

Notary Public in and for the
State of Texas

My Commission Expires:

10/6/2019

POLLY WENGLAR
NOTARY ID #614146-3
My Commission Expires
October 06, 2019

Certified Document Number: 77171456 - Page 2 of 3

2

WORKSPACE   MY ACCOUNT   HELP   ABOUT   LOGOUT   Welcome Polly Wengler

Case 201743765   ROBERTSON, LESLIE JAMES v YOURGA...   Harris County - 113th Civil District Court   -   Motor Vehicle Accident

Parties   Filings

## Enter Filing Details

Select Filing Code*

Amended Filing ($0.00)                                   ☑ E-file ☐ Service

Filing Description

Reference Number

Firm client re-bill or case tracking #

**Optional Services**                          **Selected Optional Services**

Issue Citation - Certified Mail ($8.00)

Issue Citation - Insurance Commission ($12.00)

Issue Citation - State Highway Commission ($12.00)          Add

Issue Citation - Publication ($8.00)

Issue Citation - Registered Mail ($8.00)                    Remove

Issue Citation - Secretary of State ($12.00)

**Documents**

Lead Document*                  [Click to Browse]

Attachments                     [Click to Browse]

**Filing Comments**

**Courtesy Copies**

### Fees

Amended Filing

| | Filing Fee | $0.00 |
|---|---|---|
| | Total this Filing | $0.00 |

Court Transaction Fee                          $2.00

Payment Service Fee                            $0.06

Envelope Total                                 $2.06

### Payment

Payment Account*

Kevin O'Malley

Filer Type*

Party Responsible for Fees*

ROBERTSON, LESLIE JAMES

### Filing Attorney

Filing Attorney

Kevin O'Malley

PLAINTIFF'S EXHIBIT

https://efile.txcourts.gov/                                    10/25/2017



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    January 30, 2018

Certified Document Number:        77171456 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

velope No. 21155354
By: janel gutierrez
Filed: 12/7/2017 3:19 PM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT KEITH L. HARRIS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LESLIE ROBERTSON and DENITA ROBERTSON, hereinafter referred to as Plaintiffs, and hereby asks the Court to enter a default judgment against Defendant KEITH L. HARRIS.

### I. Facts

Plaintiffs filed their Original Petition on June 20, 2017.

A citation was issued for Defendant KEITH L. HARRIS. Defendant KEITH L. HARRIS was properly served with citation and copy of Plaintiffs' Original Petition on August 16, 2017. The citation and proof of service has been on file with the Court at least ten days, excluding the day of filing and today.

On October 2, 2017, Counsel for Defendant made a general appearance in this Court by filing a Motion to Quash Citation and then appearing at the hearing of such motion on October 27, 2017. Such appearance has the same force and effect as if the citation had been duly issued and served as provided by law. T.R.C.P. 120.

The deadline for this Defendant to file an Answer has passed.

Certified Document Number: 77720834 - Page 1 of 3

Defendant KEITH L. HARRIS has not filed an Answer or any pleading constituting an Answer.

Defendant KEITH L. HARRIS' last known address is 99 Dee Court, Little Rock, Arkansas 72209. Attached as Exhibit A is a certificate of defendant's last known address.

Defendant is not in the service of any branch of the United States Armed Forces.  Attached as Exhibit B is an affidavit of defendant's military status.

## II. Liability & Damages/Liability

Plaintiffs are entitled to a default judgment on damages/liability.

The damages in Plaintiffs' petition are unliquidated and Plaintiffs hereby requests a hearing to establish damages.

## III. Conclusion

Plaintiffs are entitled to a default judgment for the reasons asserted in this motion.  Defendant KEITH L. HARRIS has wholly failed to answer Plaintiffs' petition, despite having been personally served with process herein and, therefore, Plaintiffs hereby move for a default judgment.  Plaintiffs request that said judgment be entered consistent with the pleadings and evidence adduced.

## IV. Prayer

For these reasons, Plaintiffs ask the court to sign a default judgment granting the relief requested in this motion.

Certified Document Number: 77720834 - Page 2 of 3

Respectfully submitted,

KEVIN O'MALLEY
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record by facsimile on this ____ day of December, 2017.

KEVIN O'MALLEY

3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77720834 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## <u>CERTIFICATE OF LAST KNOWN ADDRESS</u>

Plaintiffs, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, certify that the last known address of Defendant KEITH L. HARRIS is 99 Dee Court, Little Rock, Arkansas 72209.

Respectfully submitted,

KEVIN O'MALLEY
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771

ATTORNEY FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record by facsimile on this _____ day of December, 2017.

KEVIN O'MALLEY





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    January 30, 2018

Certified Document Number:        77720835 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

<u>**AFFIDAVIT**</u>

STATE OF TEXAS

COUNTY OF HARRIS

 BEFORE ME, the undersigned authority, on this day personally appeared KEVIN O'MALLEY, to me well known and who after being by me first duly sworn, did depose and say:

  "My name is Kevin O'Malley. I am a resident of Houston, Harris County, Texas, and I am over the age of eighteen years. I do hereby swear/affirm the facts stated in this affidavit are within my personal knowledge and are true and correct. I am an attorney licensed to practice law in the State of Texas.

  On November 30, 2017, my office conducted a search through the Servicemembers Civil Relief Act through which it was informed that the Servicemembers Civil Relief Act does not show that Defendant Keith L. Harris is on active military duty with the United States Armed forces. Attached is an Affidavit from the Servicemembers Civil Relief Act Centralized Verification Service.

 Further, affiant sayeth not.

               _____
          KEVIN O'MALLEY

Certified Document Number: 77720836 - Page 1 of 6



SWORN and SIGNED on this the _7th_ day of December, 2017, to certify which witness my hand and seal of office.

_Polly WENGLAR_
Notary Public in and for the
State of Texas

My Commission Expires:

_10/6/2019_



POLLY WENGLAR
NOTARY ID #814146-3
My Commission Expires
October 06, 2019

2

Certified Document Number: 77720836 - Page 2 of 6


**SCRA**
Servicemembers Civil Relief Act
CENTRALIZED VERIFICATION SERVICE



1120 20th Street NW Suite S-300
Washington, DC 20036-3437
(202) 462-0600 Fax: (202) 318-0216
www.ServicemembersCivilReliefAct.com
support@scra.com

## AFFIDAVIT IN COMPLIANCE WITH SERVICEMEMBERS CIVIL RELIEF ACT

**Tracking No. 201711304263**
**Active Duty Status Date: November 30, 2017**

**District of Columbia, ss:**

My name is Anthony R. Reeves and I am the Manager of Servicemembers Civil Relief Act Centralized Verification Service at www.ServicemembersCivilReliefAct.com. I am more than eighteen (18) years of age, of sound mind, suffer from no legal or mental disabilities, and I am fully competent to testify to the matters stated herein.

Pursuant to the Servicemembers Civil Relief Act [50 USC 3911 et seq.], I further state that I have caused a careful investigation to be made to ascertain whether or not

# KEITH L. HARRIS

is in Active Duty Status as to all Departments of the Department of Defense (Army, Navy, Marine Corps, and Air Force) as well as the National Oceanic and Atmospheric Agency, Public Health Service, and Coast Guard, including information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty, and that as a result of said inquiry, affiant does hereby state that, based upon the information you have furnished, as of the Active Duty Status Date (referenced above), there is no information in the Department of Defense Manpower Data Center that indicates that the individual is in Active Duty Status.

_____
Anthony R. Reeves

This TWO-PAGE document SUBSCRIBED AND SWORN to before me on December 1, 2017.

_____
Dorothy Pinckney

My Commission Expires: March 14, 2019

NOTARY PUBLIC, D.C.



Certified Document Number: 77720836 - Page 3 of 6

1

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This affidavit reflects status as of the Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact: at https://www.servicememberscivilreliefact.com/live/link/points-of-contact.php. If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. 50 USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military care and other eligibility systems and the sole basis for this report. This report reflects the following information: (1) the individual's Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty as of the Active Duty Status Date. Records do not predate September 30, 1985.

The attached two-page status report(s) issued by the United States Department of Defense Manpower Data Center is/are incorporated herein by this reference and form(s) the factual basis for this affidavit. If there is more than one status report attached, it is because there were multiple people found with the same search criteria and the status of all such individuals was verified.

The attached two-page status report(s) issued by the United States Department of Defense Manpower Data Center is/are incorporated herein by this reference and form(s) the factual basis for this affidavit. If there is more than one status report attached, it is because there were multiple people found with the same search criteria and the status of all such individuals was verified.

The information provided does not constitute a Consumer Report as defined by the Federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq., ("FCRA") and may not be used to determine eligibility for credit, insurance, employment or used for any other purpose governed by the FCRA.



Department of Defense Manpower Data Center                                                        Results as of : Dec-01-2017 09:44:38 AM

SCRA 4.0

## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | Redacted |
| Birth Date: | Redacted |
| Last Name: | HARRIS |
| First Name: | KEITH |
| Middle Name: | L |
| Status As Of: | Nov-30-2017 |
| Certificate ID: | G8V4PB5Q2ZZRS35 |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | NA | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. ? 521(c).

This response reflects the following Information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections.  Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:      77720836 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 21155354
By: janel gutierrez
Filed: 12/7/2017 3:19 PM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
## AS TO DEFENDANT KEITH L. HARRIS

After considering Plaintiffs' Motion for Default Judgment as to

Defendant Keith L. Harris, the pleadings, and the affidavit, the Court,

**GRANTS** Plaintiffs' Motion for Default Judgment as to Defendant

Keith L. Harris. Because the damages are unliquidated, the court will

hear evidence of damages on _____, 2017.

SIGNED on this the _____ day of December, 2017.

_____
JUDGE PRESIDING

Certified Document Number: 77720837 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:      77720837 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 21304878
By: janel gutierrez
Filed: 12/14/2017 4:18 PM

## CAUSE NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON | § | IN THE DISTRICT COURT OF |
| AND DENITA ROBERTSON | § | |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

### DEFENDANT'S RESPONSE TO MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT KEITH L. HARRIS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Yourga Trucking, Inc., and files this is Response to Plaintiff's Motion for Default Judgment as to Defendant, Keith L. Harris.

### I.

On October 27, 2017, this Court heard Defendant Keith L. Harris' Motion to Quash Citation. The basis of the Motion was that service was not proper on Defendant Keith L. Harris. The Petition and Citation issued showed Keith L. Harris was to be served by the Chairman of the Highway Commission. However, the Return of Service showed Keith L. Harris was served via mail by the Texas Transportation Commission. This distinct difference in who rendered service is not a simple misnomer. As of the filing of this Response this Court has not ruled on this Motion.

### II.

Contrary to the representations and arguments by counsel for Plaintiff, the Motion to Quash and appearance by his counsel arguing same, does not constitute a general appearance under Rule TRCP 120. Plaintiff cites no legal authority supportive of his proposition that a defendant, who files a Motion to Quash Citation, enters a general appearance.

599294.1 PLD 0001157 16664 DWP

Certified Document Number: 77815912 - Page 1 of 3

## III.

Under T.R.C.P. 122, "Constructive Appearance", a defendant shall be deemed to have entered his appearance on the Monday after twenty days after the motion has been ruled upon. If the Motion to Quash is granted, then Defendant is deemed to have entered his appearance as of 10:00 am, on the Monday after the expiration of twenty days after the day on which the citation or service was quashed. Further, Defendant shall be deemed to have been duly served which is based on the date that the Motion to Quash was granted. As noted, the Court has not ruled on the Motion; therefore, the issue of whether Defendant has been effectively served has not been resolved, is still in dispute and appearing for an argument in support of same does not constitute a general appearance.

## IV.

It is apparent that Plaintiff's attempt to file a default judgment against Keith Harris is a blatant attempt to have Mr. Harris enter a general appearance. Mr. Harris cannot file a response to this Motion; otherwise, he would be making a general appearance in this case. Mr. Harris has already filed his Motion to Quash Citation which is pending before this Court. Therefore, this Court should deny the Motion for Default Judgment.

WHEREFORE, Yourga Trucking, Inc. prays that this Court deny Plaintiff's Motion for Default Judgment.

Certified Document Number: 77815912 - Page 2 of 3

599294.1 PLD 0001157 16664 DWP

Respectfully submitted,

LORANCE & THOMPSON, P.C.

David W. Prasifka
SBN: 16231700
EMAIL: dwp@lorancethompson.com
Walter F. "Trey" Williams, III
SBN: 21592800
EMAIL: wfw@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 Fax
ATTORNEYS FOR DEFENDANT,
YOURGA TRUCKING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2017 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Kevin O'Malley
O'Malley Law Firm
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

David W. Prasifka

599294.1 PLD 0001157 16664 DWP

Certified Document Number: 77815912 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77815912 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 21348394
By: janel gutierrez
Filed: 12/18/2017 12:00 PM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## **NOTICE OF ORAL HEARING**

TO:  Defendant, KEITH L. HARRIS, by and through his attorneys of
     record, David W. Prasifka and Walter F. "Trey" Williams, III,
     Lorance & Thompson, P.C., 2900 North Loop West, Suite 500,
     Houston, Texas 77092

     You will take notice that on January 5, 2018, at 9:00 a.m. an

oral hearing will be held on Plaintiff's Motion for Default Judgment

as to Defendant Keith L. Harris.

                              Respectfully submitted,


                              _/s/ Kevin O'Malley_____
                              KEVIN O'MALLEY
                              State Bar No. 15278690
                              440 Louisiana, Suite 2080
                              Houston, Texas 77002
                              phone: (713) 629-7878
                              fax: (713) 227-2771
                              kevin@omalley-law.com

                              ATTORNEY FOR PLAINTIFFS


                    CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing
document has been forwarded by facsimile, to counsel of record on
this 18th day of December, 2017.


                              _/s/ Kevin O'Malley_____
                              KEVIN O'MALLEY



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:   77850746 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 21505216
By: DELTON ARNIC
Filed: 12/28/2017 12:15 PM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT KEITH L. HARRIS OR IN THE ALTERNATIVE MOTION TO AMEND CITATION AND RETURN OF SERVICE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LESLIE ROBERTSON and DENITA ROBERTSON, hereinafter referred to as Plaintiffs, and hereby asks the Court to enter a default judgment against Defendant KEITH L. HARRIS or in the alternative amend citation and return of service.

### I. Facts

Plaintiffs filed their Original Petition on June 20, 2017.

A citation was issued for Defendant KEITH L. HARRIS.  Defendant KEITH L. HARRIS was properly served with citation and copy of Plaintiffs' Original Petition on August 16, 2017.  The citation and proof of service has been on file with the Court at least ten days, excluding the day of filing and today.

On October 2, 2017, Counsel for Defendant made a general appearance in this Court by filing a Motion to Quash Citation and then appearing at the hearing of such motion on October 27, 2017.  Such appearance has the same force and effect as if the citation had been duly issued and served as provided by law.  T.R.C.P. 120.

Defendants move to quash the citation because service was requested through the State Highway Commission and the return of service reflects the citation and petition were served by the "Chairman of the Texas Transportation Commission".

The deadline for this Defendant to file an Answer has passed. Defendant KEITH L. HARRIS has not filed an Answer or any pleading constituting an Answer.

Defendant KEITH L. HARRIS' last known address is 99 Dee Court, Little Rock, Arkansas 72209. Attached as Exhibit A is a certificate of defendant's last known address.

Defendant is not in the service of any branch of the United States Armed Forces. Attached as Exhibit B is an affidavit of defendant's military status.

## II. Liability & Damages/Liability

Plaintiffs are entitled to a default judgment on damages/liability.

The damages in Plaintiffs' petition are unliquidated and Plaintiffs hereby requests a hearing to establish damages.

## III. Argument as to Citation and Return

The Texas Rules of Civil Procedure permit this Court to amend the citation and/or service of process. Specifically, Rule 118 of our rules provide:

> At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that

2

material prejudice would result to the substantial rights of the party against whom the process issued.

(Please see Exhibit C attached).

III.

The State Highway Commission and the Texas Transportation Commission are one in the same.   Section 201.003 of the Texas Transportation Code provides:

TITLE CHANGES.

a) A reference in law to the State Highway Department, Texas Highway Department, or State Department of Highways and Public Transportation means the Texas Department of Transportation.

b) A reference in law to the State Highway Commission or State Highway and Public Transportation Commission means the Texas Transportation Commission.

c) A reference in law to the State Highway Engineer or State Engineer-Director for Highways and Public Transportation means the director of the Texas Department of Transportation.

d) A reference in law to the commissioner of transportation means the chair of the commission.

(Please see Exhibit D attached).

Attached hereto as Exhibit E is an Affidavit of Kevin O'Malley which further outlines the reasons why this motion should be granted.

## IV. Conclusion

Plaintiffs are entitled to a default judgment for the reasons asserted in this motion.  Defendant KEITH L. HARRIS has wholly failed to answer Plaintiffs' petition, despite having been personally served

3

with process herein and, therefore, Plaintiffs hereby move for a default judgment. Plaintiffs request that said judgment be entered consistent with the pleadings and evidence adduced.

<u>V. Prayer</u>

For these reasons, Plaintiffs ask the court to sign a default judgment granting the relief requested in this motion or in the alternative motion to amend citation and return of service.

Respectfully submitted,

KEVIN O'MALLEY
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771

ATTORNEY FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record by facsimile on this 28 day of December, 2017.

KEVIN O'MALLEY

4

Certified Document Number: 77955147 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77955147 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## CERTIFICATE OF LAST KNOWN ADDRESS

Plaintiffs, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, certify

that the last known address of Defendant KEITH L. HARRIS is 99 Dee

Court, Little Rock, Arkansas 72209.

Respectfully submitted,

KEVIN O'MALLEY
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the
foregoing document has been served upon counsel of record by
facsimile on this 28th day of December, 2017.

KEVIN O'MALLEY

Certified Document Number: 77955148 - Page 1 of 1





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77955148 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

### AFFIDAVIT

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, on this day personally appeared KEVIN O'MALLEY, to me well known and who after being by me first duly sworn, did depose and say:

"My name is Kevin O'Malley. I am a resident of Houston, Harris County, Texas, and I am over the age of eighteen years. I do hereby swear/affirm the facts stated in this affidavit are within my personal knowledge and are true and correct. I am an attorney licensed to practice law in the State of Texas.

On November 30, 2017, my office conducted a search through the Servicemembers Civil Relief Act through which it was informed that the Servicemembers Civil Relief Act does not show that Defendant Keith L. Harris is on active military duty with the United States Armed forces. Attached is an Affidavit from the Servicemembers Civil Relief Act Centralized Verification Service.

Further, affiant sayeth not.

_____
KEVIN O'MALLEY



SWORN and SIGNED on this the _24th_ day of December, 2017, to certify which witness my hand and seal of office.



Notary Public in and for the
State of Texas

My Commission Expires:

_10/6/2019_

POLLY WENGLAR
NOTARY ID #614146-3
My Commission Expires
October 06, 2019

2

Certified Document Number: 77955149 - Page 2 of 6

 

**SCRA**
Servicemembers Civil Relief Act
CENTRALIZED VERIFICATION SERVICE

1120 20th Street NW Suite S-300
Washington, DC 20036-3437
(202) 462-0600 Fax: (202) 318-0216
www.ServicemembersCivilReliefAct.com
support@scra.com

## AFFIDAVIT IN COMPLIANCE WITH SERVICEMEMBERS CIVIL RELIEF ACT

**Tracking No. 201711304263**
**Active Duty Status Date: November 30, 2017**

District of Columbia, ss:

My name is Anthony R. Reeves and I am the Manager of Servicemembers Civil Relief Act Centralized Verification Service at www.ServicemembersCivilReliefAct.com. I am more than eighteen (18) years of age, of sound mind, suffer from no legal or mental disabilities, and I am fully competent to testify to the matters stated herein.

Pursuant to the Servicemembers Civil Relief Act [50 USC 3911 et seq.], I further state that I have caused a careful investigation to be made to ascertain whether or not

## KEITH L. HARRIS

is in Active Duty Status as to all Departments of the Department of Defense (Army, Navy, Marine Corps, and Air Force) as well as the National Oceanic and Atmospheric Agency, Public Health Service, and Coast Guard, including information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty, and that as a result of said inquiry, affiant does hereby state that, based upon the information you have furnished, as of the Active Duty Status Date (referenced above), there is no information in the Department of Defense Manpower Data Center that indicates that the individual is in Active Duty Status.

Anthony R. Reeves

This TWO-PAGE document SUBSCRIBED AND SWORN to before me on December 1, 2017.

Dorothy Pinckney
NOTARY PUBLIC, D.C.

My Commission Expires: March 14, 2019



Certified Document Number: 77955149 - Page 3 of 6

1

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This affidavit reflects status as of the Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact: at https://www.servicememberscivilreliefact.com/live/link/points-of-contact.php. If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. 50 USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military care and other eligibility systems and the sole basis for this report. This report reflects the following information: (1) the individual's Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty as of the Active Duty Status Date. Records do not predate September 30, 1985.

The attached two-page status report(s) issued by the United States Department of Defense Manpower Data Center is/are incorporated herein by this reference and form(s) the factual basis for this affidavit. If there is more than one status report attached, it is because there were multiple people found with the same search criteria and the status of all such individuals was verified.

The attached two-page status report(s) issued by the United States Department of Defense Manpower Data Center is/are incorporated herein by this reference and form(s) the factual basis for this affidavit. If there is more than one status report attached, it is because there were multiple people found with the same search criteria and the status of all such individuals was verified.

The information provided does not constitute a Consumer Report as defined by the Federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq., ("FCRA") and may not be used to determine eligibility for credit, insurance, employment or used for any other purpose governed by the FCRA.

SCRA 4.0



## Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN:            Redacted
Birth Date:     Redacted
Last Name:      HARRIS
First Name:     KEITH
Middle Name:    L
Status As Of:   Nov-30-2017
Certificate ID: G8V4PB5Q2ZZRS35

| On Active Duty On Active Duty Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    January 30, 2018

Certified Document Number:          77955149 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

⬟

cial District, _____ County, Texas, at the Courthouse of said county in _____, Texas, at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation, then and there to answer the petition of _____, Plaintiff, filed in said Court on the ___ day of _____, A.D., 20___, against _____, Defendant, said suit being number _____ on the docket of said Court, the nature of which demand is a suit to collect delinquent ad valorem taxes on the property hereinafter described.

The amount of taxes due Plaintiff, exclusive of interest, penalties, and costs, is the sum of $_____, said property being described as follows, to-wit:

_____

_____

The names of all taxing units which assess and collect taxes on said property, not made parties to this suit, are:

_____

Plaintiff and all other taxing units who may set up their tax claims herein seek recovery of delinquent ad valorem taxes on the property hereinabove described, and in addition to the taxes all interest, penalties, and costs allowed by law thereon up to and including the day of judgment herein, and the establishment and foreclosure of liens securing the payment of same, as provided by law.

All parties to this suit, including plaintiff, defendants, and intervenors, shall take notice that claims not only for any taxes which were delinquent on said property at the time this suit was filed but all taxes becoming delinquent thereon at any time thereafter up to the day of judgment, including all interest, penalties, and costs allowed by law thereon, may, upon request therefor, be recovered herein without further citation or notice to any parties herein, and all said parties shall take notice of and plead and answer to all claims and pleadings now on file and which may hereafter be filed in this cause by all other parties hereto, and by all of those taxing units above named, who may intervene herein and set up their respective tax claims against said property.

If this citation is not served within 90 days after the date of its issuance, it shall be returned unserved.

The officer executing this return shall promptly serve the same according to the requirements of law and the mandates hereof and make due return as the law directs.

Issued and given under my hand and seal of said Court at _____, Texas, this the ___ day of _____, A.D., 20___.

_____

Clerk of the District Court

_____ County, Texas,

By _____, Deputy

History of TRCP 117a: Amended eff. Jan. 1, 1988, by order of July 15, 1987 (733-34 S.W.2d [Tex.Cases] xlvii): Sec. 3 amended to update fee schedule for service of citation of publications to an acceptable fee level for both litigants and publications. Amended eff. Dec. 1, 1950, by order of July 17, 1950 (13 Tex.B.J. 423 [1950]). Amended eff. Oct. 1, 1948, by order of May 4, 1948 (11 Tex.B.J. 337 [1948]). Adopted eff. Dec. 31, 1947, by order of Aug. 18, 1947 (10 Tex.B.J. 391 [1947]). Source: New rule.

See *Commentaries,* "Serving the Defendant with Suit," ch. 2-H, p. 181.

### ANNOTATIONS

*Conseco Fin. Servicing Corp. v. Klein ISD,* 78 S.W.3d 666, 675 (Tex.App.—Houston [14th Dist.] 2002, no pet.). "The permissive language in Rule 117a(4) indicates an intent to give all other taxing units the discretion to join the suit, rather than giving the taxing unit instituting the suit discretion to exclude other taxing units, or cause them to have to obtain issuance of their own citations. … Rule 117a does not require other taxing units to join a tax suit, but it clearly permits them to intervene without further service."

## TRCP 118. AMENDMENT

At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

History of TRCP 118: Adopted eff. Sept. 1, 1941, by order of Oct. 29, 1940 (3 Tex.B.J. 543 [1940]). Source: TRCS art. 2044 (repealed), FRCP 4(h).

See *Commentaries,* "Serving the Defendant with Suit," ch. 2-H, p. 181.

### ANNOTATIONS

*Higginbotham v. General Life & Acc. Ins.,* 796 S.W.2d 695, 697 (Tex.1990). Because a trial court's order holding that service was proper was "tantamount to formal amendment of the return of citation, the record was sufficient to show valid service."

*LEJ Dev. Corp. v. Southwest Bank,* 407 S.W.3d 863, 867-68 (Tex.App.—Fort Worth 2013, no pet.). "[T]he trial court may enter a postjudgment order granting amendment of a return of citation pursuant to rule 118 while the trial court retains plenary power. [¶] '[W]hen a return is amended under Rule 118, the amended return relates back and is regarded as filed

PLAINTIFF'S
EXHIBIT
*C*



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77955150 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Acts 1995, 74th Leg., ch. 165, Sec. 1, eff. Sept. 1, 1995.
Amended by:
    Acts 2007, 80th Leg., R.S., Ch. 937 (H.B. 3560), Sec. 3.01, eff.
September 1, 2007.


    Sec. 201.003.  TITLE CHANGES.  (a)  A reference in law to the
State Highway Department, Texas Highway Department, or State
Department of Highways and Public Transportation means the Texas
Department of Transportation.
    (b)  A reference in law to the State Highway Commission or State
Highway and Public Transportation Commission means the Texas
Transportation Commission.
    (c)  A reference in law to the State Highway Engineer or State
Engineer-Director for Highways and Public Transportation means the
director of the Texas Department of Transportation.
    (d)  A reference in law to the commissioner of transportation
means the chair of the commission.
    (e)  A reference in law to a member of the commission means a
commissioner.

Acts 1995, 74th Leg., ch. 165, Sec. 1, eff. Sept. 1, 1995.  Amended
by Acts 2003, 78th Leg., ch. 140, Sec. 1, eff. Sept. 1, 2003.


            SUBCHAPTER B.  TEXAS TRANSPORTATION COMMISSION

    Sec. 201.051.  COMMISSION.  (a)  The Texas Transportation
Commission consists of five members appointed by the governor with
the advice and consent of the senate.
    (b)  The members shall be appointed to reflect the diverse
geographic regions and population groups of this state.  One member
must reside in a rural area and be a registered voter of a county
with a population of less than 150,000.
    (b-1)  A member of the commission may not accept a contribution
to a campaign for election to an elected office.  If a commissioner
accepts a campaign contribution, the person is considered to have
resigned from the office and the office immediately becomes vacant.
The vacancy shall be filled in the manner provided by law.



Certified Document Number: 7795151 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77955151 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND | § | IN THE DISTRICT COURT OF |
| DENITA ROBERTSON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| YOURGA TRUCKING, INC. AND | § | |
| KEITH L. HARRIS | § | 113TH JUDICIAL DISTRICT |

## **AFFIDAVIT**

STATE OF TEXAS
COUNTY OF HARRIS

    BEFORE ME, the undersigned authority, on this day personally appeared KEVIN O'MALLEY, to me well known and who after being by me first duly sworn, did depose and say:

    "My name is Kevin O'Malley. I am an attorney at law, duly licensed by the Supreme Court of Texas, since 1987, and authorized to practice before it and all inferior courts within the State of Texas. I am a member of good standing with the State Bar of Texas as attorney No. 15278690. I am over the age of 18 years, and have personal knowledge of the hereinafter facts of which I am fully competent to testify. The matters are true and correct.

    While preparing this case to be filed, my office manager went to the website eFile.TXCourts.gov. There is a section called "Enter Filing Details". This page has a subsection called "Optional Services". This is the section to request citations. The web page lists the following in part:

        Issue Citation - Certified Mail ($8.00)
        Issue Citation - Insurance Commission ($12.00)
        Issue Citation - State Highway Commission ($12.00)
        Issue Citation - Publication ($8.00)
        Issue Citation - Registered Mail ($8.00)
        Issue Citation - Secretary of State ($12.00)

    So, the eFile.TXCourts.gov directs lawyers to request service directly upon the State Highway Commission, even though it was renamed the Texas Department of Transportation in 1991. (Please see attached Exhibit 1).

Certified Document Number: 77955152 - Page 1 of 3



Further, affiant sayeth not.



KEVIN O'MALLEY

    SWORN and SIGNED on this the _21th_ day of December, 2017, to certify which witness my hand and seal of office.

Notary Public in and for the
State of Texas

My Commission Expires:

_10/6/2019_

POLLY WENGLAR
NOTARY ID #614146-3
My Commission Expires
October 06, 2019

2

Certified Document Number: 77955152 - Page 2 of 3

WORKSPACE   MY ACCOUNT   HELP   ABOUT   LOGOUT   Welcome Polly Wengler

Case 2017-43786   ROBERTSON, LESLIE JAMES v YOURGA   Harris County - 113th Civil District Court   Motor Vehicle Accident

Parties   Filings

## Enter Filing Details

### Fees

Amended Filing

| | | |
|---|---|---|
| | Filing Fee | $0.00 |
| | Total this Filing | $0.00 |
| | Court Transaction Fee | $2.00 |
| | Payment Service Fee | $0.06 |
| | Envelope Total | $2.06 |

Select Filing Code
Amended Filing ($0.00)   E-file   Service

Filing Description

Reference Number
For client re-bill or case tracking

### Payment

Payment Account
Kera O'Malley

Filer Type

Party Responsible for Fees
ROBERTSON, LESLIE JAMES

Optional Services / Selected Optional Services

Issue Citation - Certified Mail ($8.00)
Issue Citation - Insurance Commission ($12.00)
Issue Citation - State Highway Commission ($12.00)
Issue Citation - Publication ($8.00)
Issue Citation - Registered Mail ($8.00)
Issue Citation - Secretary of State ($12.00)

Add
Remove

### Filing Attorney

Filing Attorney
Kera O'Malley

Documents

Lead Document   Click to Browse
Attachments   Click to Browse

Filing Comments

Courtesy Copies

PLAINTIFF'S EXHIBIT

10/25/2017



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        77955152 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case No. 2017-49769

**DCORX**

ROBERTSON, LESLIE JAMES

vs.

YOURGA TRUCKING INC

```
*
*
*
*
*
```

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

113th     JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. 07/06/18   **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.     **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
  (a) 08/06/18   Experts for parties seeking affirmative relief.
  (b) 09/05/18   All other experts.

3.     **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.     **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
  (a)   Total hours per side for oral depositions.
  (b)   Number of interrogatories that may be served by each party on any other party.

5.     **ALTERNATIVE DISPUTE RESOLUTION.**
  (a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
  (b)   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. 11/02/18   **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.     **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
  (a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
  (b) 11/02/18   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
  (c) 10/04/18   Rule 166a(i) motions may not be heard before this date.

8. 10/19/18   **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. 11/02/18   **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.     Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:     Failure to appear will be grounds for dismissal for want of prosecution.

11. 12/03/18   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

KEVIN OMALLEY
440 LOUISIANA ST STE 2080
HOUSTON TX 77002-1636

1      15278690

MICHAEL LANDRUM
Judge, 113TH DISTRICT COURT
Date Generated 12/27/2017

JCVO02
rev.11202006

**DCORX**

ROBERTSON, LESLIE JAMES

vs.

YOURGA TRUCKING INC

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

113th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **07/06/18**    **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
   (a) **08/06/18**    Experts for parties seeking affirmative relief.
   (b) **09/05/18**    All other experts.

3.    **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)    Total hours per side for oral depositions.
   (b)    Number of interrogatories that may be served by each party on any other party.

5.    **ALTERNATIVE DISPUTE RESOLUTION.**
   (a)    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
   (b)    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **11/02/18**    **DISCOVERY PERIOD ENDS.**    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
   (a)    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **11/02/18**    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c) **10/04/18**    Rule 166a(i) motions may not be heard before this date.

8. **10/19/18**    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **11/02/18**    **PLEADINGS.** All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.    Parties shall be prepared to discuss all aspects of trial with the court on this date.
   TIME:    Failure to appear will be grounds for dismissal for want of prosecution.

11. **12/03/18**    **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

DAVID WAYNE PRASIFKA
2900 NORTH LOOP W STE 500
HOUSTON TX 77092-8826

3    16231700

MICHAEL LANDRUM
Judge, 113TH DISTRICT COURT
Date Generated 12/27/2017

JCVO02
rev.11202006

Certified Document Number: 77974237 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:       77974237 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 21672697
By: janel gutierrez
Filed: 1/8/2018 1:43 PM

NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND DENITA ROBERTSON | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, T E X A S |
| YOURGA TRUCKING, INC. AND KEITH L. HARRIS | § § | 113TH JUDICIAL DISTRICT |

### PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, hereinafter referred to as Plaintiffs, complaining of YOURGA TRUCKING, INC. and KEITH L. HARRIS, hereinafter referred to as Defendants, and for cause of action would respectfully show this Honorable Court the following.

I.

#### DISCOVERY CONTROL PLAN

Plaintiffs, pursuant to Rule 190. Discovery Limitations, hereby allege that discovery shall be conducted under Level 2 and that they seek monetary relief aggregating more than $200,000.

II.

#### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within **fifty days** of the service of this request.

Certified Document Number: 78073377 - Page 1 of 10

III.

PARTIES

Plaintiffs are residents of Cleveland, Harris County, Texas.

Defendant, YOURGA TRUCKING, INC., is a foreign or nonresident corporation, partnership, sole proprietorship, or other form of business association doing business in the State of Texas and in Harris County, Texas, and has been served with citation and answered herein.

Defendant, KEITH L. HARRIS, is a resident of a state other than the State of Texas, and at times material to this lawsuit was operating a motor vehicle on the streets and highways of the State of Texas, and, therefore, is deemed to have appointed the Chairman of the Texas Transportation Commission as his true and lawful attorney and agent, and service of citation may be made by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, pursuant to Texas Statutes and all other applicable laws. The Chairman of the Texas Transportation Commission shall forthwith by registered or certified mail, return receipt requested, forward a copy of such citation as follows: Keith L. Harris, 99 Dee Court, Little Rock, Arkansas 72209.

IV.

VENUE AND JURISDICTION

Venue is proper in the county in which this lawsuit has been filed on the grounds that at all times material to this lawsuit and to the

Certified Document Number: 78073377 - Page 2 of 10

2

filing of this lawsuit, the Plaintiff resided in such county and resided in such county at the time of the cause of action or a part thereof as described herein accrued and/or arose.

V.

NEGLIGENCE

On or about August 23, 2016, in Houston, Harris County, Texas, Plaintiff, LESLIE JAMES ROBERTSON, was operating his vehicle in a careful and non-negligent manner and proceeding westbound in the 5800 block of US Hwy 90, when suddenly and without warning, KEITH L. HARRIS, who was operating his vehicle in a careless and negligent manner, and was northbound in a cross-over to go west onto the 5800 block of US Hwy 90, caused the occurrence in question and the injuries and damages described herein.

Defendants, KEITH L. HARRIS and YOURGA TRUCKING, INC., engaged in certain acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

a) In failing to keep a proper lookout as a person using ordinary care would have made;

b) In failing to make such application of the brakes as a person using ordinary care would have made;

c) In failing to properly maintain his vehicle as a person using ordinary care would have made;

d) In failing to attend to and control his vehicle as a person using ordinary care would have made;

e) In failing to yield right-of-way at a stop sign;

3

Certified Document Number: 78073377 - Page 3 of 10

f)  In entering a roadway when it was unsafe;

g)  In selecting a dangerous route;

h)  In failing to use an alternative route;

i)  In failing to have appropriate lighting and/or warnings on the tractor and trailer;

j)  In blocking a moving lane of traffic; and

k)  In violating Sections 545.151, 545.152 and 545.153 of the Texas Transportation code.

VI.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was operating a vehicle owned, controlled, and/or maintained by the Defendant, YOURGA TRUCKING, INC.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with the Defendant, YOURGA TRUCKING, INC.

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was using such vehicle with the actual or implied authority and permission of the Defendant, YOURGA TRUCKING, INC. and Defendant KEITH L. HARRIS, was subject to the direction and control of and in the furtherance of a mission for the benefit of the Defendant YOURGA TRUCKING, INC.

At all times material to this lawsuit, the Defendant YOURGA TRUCKING, INC., permitted the Defendant, KEITH L. HARRIS, to operate the

4

Certified Document Number: 78073377 - Page 4 of 10

vehicle in question when the Defendant, YOURGA TRUCKING, INC. knew or in the exercise of ordinary care would have known that the Defendant KEITH L. HARRIS, was a reckless and incompetent driver. Such acts and omissions constitute negligence, and such negligence was a proximate cause of the occurrence in question and the injuries and damages described herein. Plaintiffs hereby invoke the doctrine of negligent entrustment as that doctrine is applied under the laws of the State of Texas.

At all times material to this lawsuit, Defendant, KEITH L. HARRIS, was a common law employee and/or statutory employee (both pursuant to the Federal Motor Carrier Safety Act and pursuant to Title 37 of the Texas Administration Code §4.11) or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with the Defendant, YOURGA TRUCKING, INC. (Federal Motor Carrier).

At all times material to this lawsuit, Defendant KEITH L. HARRIS, was using such vehicle with the actual or implied authority and permission of the Defendant, YOURGA TRUCKING, INC. and Defendant KEITH L. HARRIS, was subject to the direction and control of and in the furtherance of a mission for the benefit of the Defendant YOURGA TRUCKING, INC.

VII.

The Plaintiff will further show that Defendant YOURGA

5

Certified Document Number: 78073377 - Page 5 of 10

TRUCKING, INC. had a common law and statutory duty to the public generally and to Plaintiff specifically to reasonably hire, train, supervise and/or retain its drivers.   Defendant YOURGA TRUCKING, INC. breached this duty and committed negligence by:

a)   negligently hiring Keith L. Harris;

b)   negligently supervising Keith L. Harris;

c)   negligently failing to train Keith L. Harris; and

d)   negligently retaining Keith L. Harris.

Each of these breaches and/or failures was a proximate cause of the occurrence in question and the injuries sustained.

VIII.

The acts and omissions constituting negligence and negligence per se, described herein, were each a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiffs.

Finally, it is Plaintiff's position that Defendant YOURGA TRUCKING, INC. controlled what Defendant KEITH L. HARRIS drove; controlled what route the Defendant KEITH L. HARRIS took; verified Defendant KEITH L. HARRIS' insurance; verified Defendant KEITH L. HARRIS' driver's license; and established the manner or method of Defendant KEITH L. HARRIS' payment.

The Texas Federal Regulations apply to "commercial motor vehicles" and hold "motor carriers" responsible for their

Certified Document Number: 78073377 - Page 6 of 10

"employees."  *See id.*  §4.11(a); 49 C.F.R. §§ 387.1, 390.3(a),
390.11, 391.1, 396.1 Texas law defines "motor carrier" in
pertinent part as "an individual . . . or other legal entity that
controls, operates, or directs the operation of one or more
vehicles that transport persons or cargo."  TEX. TRANSP. CODE
§643.001(6); 37 TEX. ADMIN. CODE §411(b)(1).

IX.

DAMAGES

As a result of the occurrence described herein, the Plaintiff,
LESLIE ROBERTSON, has sustained substantial injuries and damages,
including but not limited to, a broken neck, injuries to his left knee,
back, head, and injuries to his body, generally.

Plaintiff would show that if he was suffering from any disease or
condition existing prior to the occurrence in question, such disease or
condition was dormant to Plaintiff and not causing him any pain or
disability, and that the occurrence in question has incited,
accelerated, and aggravated such condition to such an extent that it has
now become painful and disabling as described herein.

At the time of such occurrence, the Plaintiff was 58 years of age
and had a life expectancy of many years according to the applicable
United States Life Tables, a certified copy of which will be used in
evidence at the trial of this cause. The Plaintiff was in good health
and was capable of earning a living for himself, and he was employed and

Certified Document Number: 78073377 - Page 7 of 10

earning an income.  As a result of this occurrence, Plaintiff has sustained a loss of earnings and a loss of earning capacity in the past and will sustain, in reasonable probability, a loss of earnings and a loss of earning capacity in the future.

As a further result of such occurrence, the Plaintiff has incurred medical expenses in the past, and will sustain, in reasonable probability, medical expenses in the future and such expenses are and will be reasonably necessary for the injuries sustained, and are and will be reasonable and customary in the community in which they were and will be incurred.

As a further result of such occurrence, the Plaintiff has suffered physical pain and mental anguish in the past, and will suffer, in reasonable probability, from physical pain and mental anguish in the future; and the Plaintiff has suffered from physical impairment and embarrassment in the past, and will suffer, in reasonable probability, from physical impairment and embarrassment in the future.

As a further result of such occurrence, the Plaintiff, LESLIE ROBERTSON, has sustained the loss of household services and a loss of capacity to perform household services in the past, and will sustain, in reasonable probability, a loss of household services and a loss of capacity to perform household services in the future.

As a further result of such occurrence and the injuries sustained by LESLIE ROBERTSON, the Plaintiff, DENITA ROBERTSON, his wife, has

8

sustained damages for the loss of consortium, as that term is understood and applied under the laws of the State of Texas.

## X.

### DISCOVERY REQUESTS

Pursuant to Rule 194.1 et seq. of the Texas Rules of Civil Procedure, Plaintiffs hereby request Defendants to disclosure the information or material described in Rule 194.2(a) through Rule 194.2(1) of the Texas Rules of Civil Procedure. Defendants have fifty (50) days from the date of service.

## XI.

### RULE 193.7 NOTICE

Defendants are hereby notified that Plaintiffs intend to use all documents produced by Defendants in discovery of the trial of this cause, and therefore requests that Defendants assert any objection to the authenticity of any document Defendants produce within 10 days of its production.

## XII.

In view of all the matters alleged herein, the sum of money, if paid now in cash, that would fairly and reasonably compensate the Plaintiffs for their actual damages is a sum of money in excess of the minimum jurisdictional limits of this Court.

Certified Document Number: 78073377 - Page 9 of 10

XIII.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that the Defendants be cited to appear and answer herein; that upon trial hereof they have judgment of the Court against the Defendants, jointly and severally, in a total amount of money within the jurisdictional limits of this Court, together with pre-judgment and post judgment interest as permitted by applicable laws; for all costs of court; for all such other and further relief, both general and special, legal and equitable, to which they have shown or may show themselves justly entitled.

Respectfully submitted,

_/s/ Kevin O'Malley_____
Kevin O'Malley
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile, to counsel of record on this 8th day of January, 2018.

_/s/ Kevin O'Malley_____
KEVIN O'MALLEY

10

Certified Document Number: 78073377 - Page 10 of 10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        78073377 Total Pages:  10

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 22128082
By: Jacob Blessing
Filed: 1/29/2018 12:47 PM

Cause No. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON and<br>DENITA ROBERTSON | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v | §<br>§<br>§ | HARRIS COUNTY, T E X A S |
| YOURGA TRUCKING, INC.,<br>KEITH L. HARRIS and<br>TEXAS DEPARTMENT OF<br>TRANSPORTATION | §<br>§<br>§<br>§ | 113TH JUDICIAL DISTRICT |

## PLAINTIFF'S NOTICE OF APPEARANCE & DESIGNATION OF LEAD COUNSEL

TO THE HONORABLE MICHAEL LANDRUM:

Plaintiffs, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, file this Notice

of Appearance and Designation of Lead Counsel and would show:

1.     Plaintiffs designate the following attorney as lead counsel:

> Jason A. Gibson
> State Bar No. 24000606
> jag@jag-lawfirm.com
> **THE GIBSON LAW FIRM**
> The Lyric Centre
> 440 Louisiana, Suite 2400
> Houston, Texas 77002
> Ph: (713) 650-1010
> Fax: (713) 650-1011
> e-Service: efile@jag-lawfirm.com

2.     Kevin O'Malley of The O'Malley Law Firm will remain as co-counsel. Plaintiffs

request the Court and opposing counsel send all further correspondence, orders and other

communications regarding this case to Jason A. Gibson's attention.

Respectfully Submitted,

THE GIBSON LAW FIRM



Jason A. Gibson
State Bar No. 24000606
jag@jag-lawfirm.com
Casey L. Jordan
State Bar No. 24090599
cjordan@jag-lawfirm.com
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**e-Service: efile@jag-lawfirm.com**
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document was served on all counsel of record via e-service, e-mail and/or fax in compliance with TRCP 21a on January 29, 2018.

Jason A. Gibson

Certified Document Number: 78352465 - Page 2 of 2

2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        78352465 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 22128082
By: Jacob Blessing
Filed: 1/29/2018 12:47 PM

Cause No. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON and<br>DENITA ROBERTSON | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v | §<br>§<br>§<br>§ | HARRIS COUNTY, T E X A S |
| YOURGA TRUCKING, INC.,<br>KEITH L. HARRIS and<br>TEXAS DEPARTMENT OF<br>TRANSPORTATION | §<br>§<br>§<br>§ | 113TH JUDICIAL DISTRICT |

## PLAINTIFFS' THIRD AMENDED PETITION

TO THE HONORABLE MICHAEL LANDRUM:

Plaintiffs, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, bring this lawsuit, complaining of Defendants, YOURGA TRUCKING, INC., KEITH L. HARRIS and TEXAS DEPARTMENT OF TRANSPORTATION, and would respectfully show the following:

### I.
### DISCOVERY LEVEL

1.      Plaintiffs request discovery be conducted under Level 3 in accordance with Texas Rule of Civil Procedure 190.4.  This case is not subject to Texas Rule of Civil Procedure 169 because the damages for which Plaintiff seeks recovery exceed $100,000.00.

### II.
### REQUEST FOR DISCLOSURE

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendants disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding parties to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

Certified Document Number: 78352466 - Page 1 of 10

## III.
## PARTIES

3.     Plaintiffs, LESLIE JAMES ROBERTSON and DENITA ROBERTSON, are residents of Cleveland, Harris County, Texas.

4.     Defendant, YOURGA TRUCKING, INC., is a foreign or nonresident corporation, partnership, sole proprietorship, or other form of business association doing business in the State of Texas and in Harris County, Texas, and has been served with citation and answered herein.

5.     Defendant, KEITH L. HARRIS, is a resident of a state other than the State of Texas, and at times material to this lawsuit was operating a motor vehicle on the streets and highways of the State of Texas, therefore service of citation may be made by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, pursuant to Texas Statutes and all other applicable laws. The Chairman of the Texas Transportation Commission shall, by registered or certified mail, return receipt requested, forward a copy of the citation to: Keith L. Harris, 99 Dee Court, Little Rock, Arkansas 72209.

6.     Defendant, TEXAS DEPARTMENT OF TRANSPORTATION, is a governmental entity as defined by the Texas Tort Claims Act and may be served with citation by serving its executive director, James M. Bass at 125 East 11th Street, Austin, Texas 78701.

Certified Document Number: 78352466 - Page 2 of 10

2

## IV.
## JURISDICTION

7.      The court has jurisdiction over Defendant because it has either done business in Texas, committed a tort in Texas, and/or has had continuous contacts with Texas. In addition, the damages for which Plaintiffs bring suit exceed the minimal jurisdictional limits of the Court.

## V.
## VENUE

8.      Venue is proper in Harris County, Texas, because all or a substantial part of the events and omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC. & REM. CODE Ann § 15.001(a)(1).

## VI.
## FACTS

9.      On August 23, 2016, Plaintiff, Leslie Robertson, was driving westbound in the 5800 block of US Hwy 90. At about the same time, Defendant, Keith L. Harris, was diving and 18 wheeler truck northbound in a cross-over to go west onto the 5800 block of US Hwy 90.

10.     At the intersection, Defendant suddenly and without warning entered US Hwy 90 pulling out in front of Plaintiff traveling the speed limit on the highway. The 18 wheeler and Plaintiff collided, totaling Plaintiff's vehicle and severely injuring him. Plaintiff sustained traumatic injuries to his head, neck and back and was life flighted from the scene of the crash to Memorial Hermann Hospital.

11.     US Hwy 90 is controlled and maintained by the State of Texas through the Texas Department of Transportation. Despite notice of an unreasonably dangerous condition at the cross over at the 5800 block of US Hwy 90, including a fatal crash at the same location

3

Certified Document Number: 78352466 - Page 3 of 10

prior to Plaintiff's crash, Texas Department of Transportation failed to warn of or remedy the condition.

## VII.
## NEGLIGENCE - KEITH L. HARRIS & YOURGA TRUCKING, INC.

12.     Defendant owed certain duties to Plaintiff. Defendant breached its duties and was negligent in one or more of the following ways:

      a.     Failing to maintain control of a motor vehicle;

      b.     Failing to control speed;

      c.     Failing to timely apply the brakes;

      d.     Failing to maintain a proper lookout;

      e.     Failing to drive with regard for the safety of persons and property;

      f.     Failing to pay attention while operating a motor vehicle;

      g.     Failing to stop to avoid a crash;

      h.     Failing to maintain a safe distance;

      i.     Failing to turn the vehicle to avoid collision;

      j.     Failing to properly train employees;

      k.     Failing to implement safe policies and procedures; and

      l.     Failing to provide a vehicle safe for operation.

13.     Defendants' acts and omissions were a proximate cause of Plaintiffs injuries.

## VIII.
## NEGLIGENCE PER SE

14.     Defendant Keith L. Harris' negligence violated various sections of the Texas Transportation Code ("TTC"). Specifically, Keith L. Harris violated:

Certified Document Number: 78352466 - Page 4 of 10

a.    §545.153    Duty to yield the right-of-way to a vehicle that is approaching so closely as to be an immediate hazard to the operator's movement in or across an intersection.

b.    §545.351    Duty to drive at a reasonable and prudent speed under the existing circumstances; and

c.    §545.401    Duty to drive vehicle with regard for safety of persons and property.

15.    The above provisions of the TTC are designed to protect a class of persons to which Plaintiff belongs.  Violations of the above TTC sections impose tort liability. Defendant's violations of the above TTC sections were made without legal excuse. Defendant's breach of various duties imposed on them by the above TTC sections proximately caused Plaintiff's injuries, resulting in the damages itemized below.

**IX.**
***RESPONDEAT SUPERIOR***

16.    Defendant, Yourga Trucking, Inc., is liable for the torts committed by its employees during the course and scope of their employment. Defendants' employees, acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work. Such employees, however, failed to exercise the requisite standard of care under the circumstances.

17.    Specifically, Yourga Trucking's employee, Defendant, Keith L. Harris, failed to exercise reasonable care in performing his work driving a truck for Defendant, Yourga Trucking, Inc. As a result, Defendants are liable for the injuries suffered by Plaintiffs.

Certified Document Number: 78352466 - Page 5 of 10

## X.
## NEGLIGENT ENTRUSTMENT

18.     At the time of the collision, Defendant, Keith L. Harris, was operating Yourgas Trucking's vehicle negligently. Specifically, Defendant, Keith L. Harris, had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently. Defendant, Keith L. Harris, breached that duty in one or more of the following ways:

      a.     Failing to maintain control of a motor vehicle;

      b.     Failing to control speed;

      c.     Failing to timely apply the brakes;

      d.     Failing to maintain a proper lookout;

      e.     Failing to drive with regard for the safety of persons and property;

      f.     Failing to pay attention while operating a motor vehicle;

      g.     Failing to stop to avoid a crash;

      h.     Failing to maintain a safe distance; and

      i.     Failing to turn the vehicle to avoid collision.

19.     Defendant, Yourga Trucking, Inc., had a duty to exercise ordinary care in entrusting its vehicle to Defendant, Keith L. Harris. Defendant Yourga Turcking, Inc., breached that duty when it entrusted its vehicle to Keith L. Harris, an incompetent and/or reckless driver.

18.     Yourga Trucking, Inc., knew or should have known that Keith L. Harris was incompetent and/or reckless. However, Yourga Trucking, Ink., entrusted its vehicle to him anyway and the actions or omissions of Keith L. Harris proximately caused Plaintiffs' injuries.

6

Certified Document Number: 78352466 - Page 6 of 10

## XI.
## NEGLIGENCE - TEXAS DEPARTMENT OF TRANSPORTATION

20.   Defendant owed certain duties to Plaintiff. Defendant breached its duties and was

negligent in one or more of the following ways:

    a.   Failing to properly maintain the highway;

    b.   Failing to warn drivers of a dangerous condition on the highway;

    c.   Failing to place the stop sign in a proper and reasonable location; and

    d.   Failing to remedy the location of the stop sign within a reasonable time after notice of a dangerous condition.

21.   Defendant's acts and omissions were a proximate cause of Plaintiffs' injuries.

## XII.
## DAMAGES

22.   Plaintiffs respectfully request the following damages to be considered separately

and individually for the purpose of determining the sum of money that will fairly and

reasonably compensate them:

    a.   The physical pain and suffering Leslie Robertson has suffered in the past and will continue to suffer in the future;

    b.   The physical disfigurement Leslie Robertson has suffered in the past and will continue to suffer in the future;

    c.   The physical impairment Leslie Robertson has suffered in the past and will continue to suffer in the future;

    d.   The mental anguish Leslie Robertson has suffered in the past and will continue to suffer in the future;

    e.   The loss of opportunity Leslie Robertson has suffered in the past and will continue to suffer in the future;

    f.   The loss of enjoyment of life Leslie Robertson has suffered in the past and will continue to suffer in the future;

Certified Document Number: 78352466 - Page 7 of 10

g.   The amount of reasonable medical expenses necessarily incurred in the past, and those that will be reasonably incurred in the future;

h.   The loss of any earnings sustained by Leslie Robertson in the past, and the loss or reduction of Leslie Robertson's earning capacity in the future; and

i.   The loss of consortium Denita Robertson, wife of Leslie Robertson, has suffered in the past and will suffer in the future.

## XIII.
## EXEMPLARY DAMAGES

23.   Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Furthermore, Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

24.   Nevertheless, Defendants proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendants are liable for exemplary/punitive damages.

## XIV.
## CONDITIONS PRECEDENT

25.   All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XV.
## JURY DEMAND

26.   Plaintiff DEMANDS A TRIAL BY JURY and submits the appropriate fee.

8

## XVI.
## PRAYER

27.     For the above reasons, Plaintiffs pray they have judgment against Defendants, with

interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such

other further relief, both in law and equity, to which Plaintiffs may show themselves justly

entitled.

Respectfully Submitted,

**THE GIBSON LAW FIRM**

_____

Jason A. Gibson
State Bar No. 24000606
jag@jag-lawfirm.com
Casey L. Jordan
State Bar No. 24090599
cjordan@jag-lawfirm.com
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**e-Service: efile@jag-lawfirm.com**
**ATTORNEYS FOR PLAINTIFFS**

 _/s/ Kevin O'Malley_
Kevin O'Malley
State Bar No. 15278690
440 Louisiana, Suite 2080
Houston, Texas 77002
kevin@omalley-law.com
Phone: (713) 629-7878
Fax: (713) 227-2771

**ATTORNEY FOR PLAINTIFFS**

Certified Document Number: 78352466 - Page 9 of 10

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of this document was served on all counsel of record via e-service, e-mail and/or fax in compliance with TRCP 21a on January 29, 2018.

Casey L. Jordan

Certified Document Number: 78352466 - Page 10 of 10

10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        78352466 Total Pages:  10

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CIVIL PROCESS REQUEST FORM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY TO BE SERVED
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: 2017-4379 _____   CURRENT COURT: 113th District Court _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiffs' Third Amended Petition_____
FILE DATE OF MOTION: January 29, 2018 _____

                                       Month/      Day/       Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: TEXAS DEPARTMENT OF TRANSPORTATION _____

   ADDRESS: 125 East 11th Street, Austin, Texas 78701

   AGENT, (if applicable):  James M. Bass _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
     ☐ ATTORNEY PICK-UP           ☐ CONSTABLE
     ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
     X MAIL                  ☐ CERTIFIED MAIL
     ☐ PUBLICATION:
        Type of Publication:   ☐ COURTHOUSE DOOR, or
                      ☐ NEWSPAPER OF YOUR CHOICE: _____
     ☐ OTHER, explain _____

ATTENTION:  Effective June1, 2010

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the
Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage
for mail back.  Thanks you,

**************************************************************************************

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
     ☐ ATTORNEY PICK-UP           ☐ CONSTABLE
     ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
     X MAIL                  ☐ CERTIFIED MAIL
     ☐ PUBLICATION:
        Type of Publication:   ☐ COURTHOUSE DOOR, or
                      ☐ NEWSPAPER OF YOUR CHOICE: _____
     ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME:  __Jason Gibson_____   TEXAS BAR NO./ID NO. 24000606 _____

MAILING ADDRESS: 440 Louisiana, Suite 2400, Houston, Texas 77002 _____

PHONE NUMBER:  (713) 650-1010 _____   FAX NUMBER: (713) 650-1011 _____
                  area code        phone number                    area code    fax number

EMAIL ADDRESS: efile@jag-lawfirm.com; jag@jag-lawfirm.com; _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                   Rev. 5/7/10

Certified Document Number: 7852467 - Page 1 of 2

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

**ORIGINAL PETITION**
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form

Rev. 5/7/10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        78352467 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Chris Daniel - District Clerk Harris County
Envelope No. 22140696
By: janel gutierrez
Filed: 1/29/2018 4:02 PM

CAUSE NO. 2017-43769

| | | |
|---|---|---|
| LESLIE JAMES ROBERTSON AND DENITA ROBERTSON | § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, T E X A S |
| YOURGA TRUCKING, INC. AND KEITH L. HARRIS | § § § | 113TH JUDICIAL DISTRICT |

## DEFENDANT KEITH L. HARRIS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Keith L. Harris, and files this Answer to the petition filed by Plaintiffs, and would respectfully show unto this honorable court as follows:

### I.

### GENERAL DENIAL

1.         As provided by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiff's Petition and asks that these matters be properly decided by this Honorable Court and Jury.

### II.

### AFFIRMATIVE DEFENSES

2.        Answering specifically, Defendant would show the Court and Jury that the accident was caused by Plaintiffs' failure to exercise that degree of care which persons of ordinary prudence under the same or similar circumstances would have exercised and, as such, said failure was the sole cause and/or proximate cause of the accident that is the basis of this suit.

3.        Defendant requests that the Court submit questions and ask the Jury to assess the proportionate responsibility of Plaintiffs pursuant to Texas Civil Practice & Remedies Code 33.001 *et. seq.*

600466.1 PLD 0001157 16664 DWP

4.      Pleading further, or in the alternative, the accident at issue in this case is the result of an unavoidable accident.

5.      Pleading further, or in the alternative, the accident in question was caused by the acts or omissions of parties or instrumentalities over which Defendant had no control.

6.      Pleading further, or in the alternative, this accident is the result of independent or intervening causation, breaking the connection between any action of Defendant and the accident made the basis of this suit.

7.      Pleading further, or in the alternative, Defendant states that the accident in question is the result of a sudden emergency situation.

8.      Defendant further invokes §18.091 of the Texas Civil Practice & Remedies Code and requests that to the extent Plaintiffs seek recovery for lost wages, or loss of earning capacity, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to the Texas Civil Practice & Remedies Code and other applicable statutes and/or case law.

9.      Pleading further, Defendant invokes the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code and request that to the extent Plaintiffs seek recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiffs, as opposed to the amount charged.

10.     Pleading further, to the extent that Plaintiffs had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by  §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of the medical and and/or healthcare expenses allegedly incurred by Plaintiffs in connection with

600466.1 PLD 0001157 16664 DWP

the incident in question and/or the injuries allegedly resulting therefrom, the Defendant would show that Plaintiffs failed to mitigate their alleged damages by failing to submit such healthcare expenses to their insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiffs' insurer(s) and/or health benefit plan. Furthermore, to the extent that Plaintiffs' health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiffs. See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

11.    Pursuant to §304.1045 of the Texas Finance Code, pre-judgment interest is not available to Plaintiffs on future damages, if any.

12.    Pleading additionally, or in the alternative, Defendant contends the Plaintiffs failed to mitigate their damages. Plaintiffs' damages were caused or exacerbated due to their failure to mitigate.

## III.
## DEMAND FOR JURY TRIAL

13.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby formally makes this demand for a trial by jury and pay the jury fee in the amount of $40.00.

## IV.

14.    By way of further Answer, Defendant hereby gives actual notice to Plaintiffs that any and all documents produced during discovery may be used against the Plaintiffs, at any pre-

600466.1 PLD 0001157 16664 DWP

trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, Keith L. Harris, prays that Plaintiffs Leslie James Robertson and Denita Robertson take nothing by this suit and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LORANCE & THOMPSON, P.C.

David W. Prasifka
SBN: 16231700
EMAIL: dwp@lorancethompson.com
Walter F. "Trey" Williams, III
SBN: 21592800
EMAIL: wfw@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 Fax
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2018 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Kevin O'Malley
O'Malley Law Firm
440 Louisiana St., Ste. 2080
Houston, TX 77002
kevin@omalley-law.com

David W. Prasifka

600466.1 PLD 0001157 16664 DWP

Certified Document Number: 78357039 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2018

Certified Document Number:        78357039 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**